HARBER & BROTHER *v.* NASH *et al.*

An estate in land, created by will, held by a judgment debtor, which is determinable upon his ceasing for any reason to remain in possession of the land, is too intangible and fleeting in its nature to be the subject-matter of a levy and judicial sale under an execution issued against such debtor.

Submitted July 18,—Decided November 14, 1906.

Equitable petition. Before Judge Holden. Madison superior court. November 13, 1905.

*W. W. Stark,* for plaintiffs in error.

*D. W. Meadow, B. T. Moseley,* and *Strickland & Green,* contra.

EVANS, J. Harber & Brother caused an execution in their favor against Mary Nash to be levied upon "the lifetime interest of Mary Nash" in a certain described tract of land, which was that referred to in the fourth item of the will of Gabriel Nash. This item reads as follows: "I give and bequeath the tract of land on which I now live, together with all the appurtenances thereto attached, to my three daughters, to wit, Mary Nash, Lettie J. Nash, and Martha Nash, as tenants in common, so long as they all three shall remain on the land. So soon as one of said daughters shall leave said land, either by marriage, death, or otherwise, she shall then have no further interest in the land, and the remaining two daughters shall own it and possess it as tenants in common. When one of the two remaining daughters leaves said land by marriage, death, or otherwise, then the remaining daughter shall have and possess it alone; and when she shall leave said land, either by marriage, death, or otherwise, then I give it to the children born and to be born and their heirs forever of the following of my children, to wit, Mary Nash, Lettie J. Nash, Martha Nash, Nancy Skinner, and Henry C. Nash, per stirpe; that is to say, the children of each of my children last named shall represent one share together in said land." At the time of the levy Mary Nash was unmarried and was living with her sisters, Lettie and Martha, upon the land described in this item of the will. Counsel for both parties agree that the controlling question is whether or not Mary Nash had a leviable interest in this land.

The estate devised to the defendant in fi. fa., Mary Nash, was that of a tenant in common with her sisters, Lettie and Martha, during her life, determinable upon her death or upon her leaving the land during her lifetime. The intent of the testator is apparent; he contemplated that the estate devised to each life-tenant should be determined upon the physical act of leaving the land or by death. The defendant in fi. fa. had no estate which she could sell, and, as a general proposition, if a defendant in fi. fa. has no such interest in land as he himself can sell, he has no interest which is leviable. In a sale by a sheriff under an execution, he acts as agent of the defendant in execution by authority of the law, and can sell no greater interest in the property than the defendant in execution

could convey. *Dozier* v. *McWhorter,* 113 *Ga.* 587. The moment the defendant in fi. fa. left the land, her interest therein would become forfeited; and if a purchaser at sheriff's· sale could acquire nothing of value by an attempt to levy upon and sell her determinable estate in the land, then it would be idle to make a levy and go through the farce of conducting the sale. Mary Nash alone can, under the terms of the will creating the estate granted to her, enjoy the fruits of the testator's bounty; if she be evicted and a purchaser be placed in possession of the land, he would immediately become, relatively to the two sisters of Mary Nash, a bare intruder and wrong-doer. An interest in land which would become at once extinguished by the very act of depriving a judgment debtor of his enjoyment thereof under legal process is altogether .too intangible and fleeting in its nature to be the subject-matter of a levy and judicial sale. See *Hatcher* v. *Smith,* 103 *Ga.* 843.

*Judgment affirmed. All the Justices concur.*