## MATTOX et al. v. DEADWYLER et al.

A will provided as follows: All the estate of the testator was devised and
bequeathed to his wife, for the benefit of herself and family, during
her natural life or so long as she should remain a widow; provided
that none of the testator's sons were to be beneficiaries under this pro-
vision after their marriage or arrival at the age of twenty-one years,
or after a neglect or refusal on their part to do and perform their duty
in the management and taking care of the estate; and the daughters
of the testator were not to receive any benefit under this provision of
the will after their marriage, until the final division of the estate. If
the widow should marry, the entire estate was to be equally divided
between her and the children of the testator then living, share and
share alike. If she should die without marrying, then the testator's
property was to be equally divided between his then living children;
provided that, should either of his children die before either of the
divisions previously provided, leaving a child or children living at the
time of such division, then such child or children should receive one-
half of the portion of the testator's estate which their father or mother
would have received, had such father or mother been living. The will
stated that the testator desired his wife to give to any of the children,
upon arrival at age or marrying, such an amount of the property as she
might think best, bearing in mind always to keep a correct memorandum
of such amount, so as to be charged against them in the final settlement
or division. The testator directed that his wife should "manage" his
estate during her life or widowhood, and at her death or marriage he
appointed his two eldest sons then living to be his executors; but they
were not to qualify during the life or widowhood of the testator's wife.
Held, that, under such a will, one of the sons of the testator during
the life and widowhood of the testator's wife did not have such a vested
remainder estate as was the subject of levy and sale under an execution.

Submitted January 13,—Decided March 28, 1908

Injunction. Before Judge Holden. Elbert superior court. July
1, 1907.

Cornelia A. Deadwyler and others filed an equitable petition
against J. R. Mattox, plaintiff in fi. fa., and the sheriff of Elbert
county, seeking to enjoin a sale under execution. They alleged,
in brief, as follows: Cornelia A. Deadwyler is the widow and also
the executrix of the will of Henry R. Deadwyler, deceased. The
other plaintiffs are children of the testator, except certain minors.

who are children of Comas F. Deadwyler, the son of the testator, and interested as contingent legatees under his will. The will of the testator has been duly probated. At the time of his death the testator owned a certain described tract of land containing 800 acres, more or less, and it now belongs to the estate, subject to the uses and administration declared in the will. The sheriff has levied an execution, issued from a justice's court, in favor of Mattox against Comas F. Deadwyler, upon a one-ninth undivided remainder interest in the land referred to, and has advertised it for sale. All of the plaintiffs are interested in the one-ninth remainder estate levied on, and their rights and interests therein will be interfered with and probably destroyed if the sale is consummated. The interest of the defendant in fi. fa. is not a fixed, definite, vested remainder interest in the land. He would have no interest whatever if he should die before the widow of the testator, as in that event one half of the one-ninth interest which he would have if he should outlive her would pass to the other children of the testator, and the other half thereof would pass directly to his living children. If the widow should marry before the death of this son, the land would have to be equally divided between her and the then living children of the testator; or if she should marry after his death, neither he nor his children would have any estate in the land. Under the will, the devise to the testator's son, who is the defendant in execution, is contingent, and the trust placed in the executrix is a shifting trust so far as relates to that son and his contingent estate in the land, which is all of the unadministered estate of the testator. The devise to the defendant in execution is an executory devise, and must remain in the hands of the executrix until the contingencies upon which it is dependent happen, or until the time expires which will determine the impossibility of their happening. The interest of this one of the testator's children is not subject to levy under an execution against him, until the devise has been assented to by the executrix, which assent she has not given and can not now give, under the limitations fixed by the will. The prayer was for an injunction to restrain the sale of the interest levied on as the estate of the defendant in execution.

The items of the will throwing light on the point of controversy were as follows: "Third: I give, devise, and bequeath all of my estate and property, both real and personal, to my wife, Cornelia

A. Deadwyler, for the benefit of herself and family during her natural life or so long as she remains my widow; provided that none of my sons are to be beneficiaries under this clause of my will· after their marriage or after a neglect or refusal on their part to do and peform their duty in the management and taking care of said estate; or shall my daughters receive any benefit under this clause of my will after their· marriage until the final division of my estate hereinafter provided for, nor are either of my sons to be beneficiaries after they arrive at the age of twenty-one years." "Fourth: If my wife, Cornelia A. Deadwyler, should marry, then I desire my entire estate to be equally divided between herself and my then living children, share and share alike." "Fifth: If she should die without marrying, then I desire my property divided equally between my then living children, provided that should either of my children die before either of the aforesaid divisions, leaving a child or children living at the time of said division, then it is · my will that said child or children receive the one-half portion of my estate that their father or mother would have received if they had been living." "Sixth: I desire that my wife give to the children or either of them, when they arrive at the age of 21 years or marry, such an amount of the property as she may think best, bear-ing in mind always to keep a correct memorandum of such amount, that it may be charged against them at the final settlement or di-vision." "Seventh: I will and devise that my said wife manage my estate during her life or widowhood, and at her death or mar-riage then it is my will and I hereby appoint my two eldest sons then living to be executors of this my will, but not to qualify as such during my wife's life or widowhood, and I will and desire that they receive the sum of $150 each in lieu and place of any commis-sion for such services."

One of the plaintiffs filed an amendment, in which he alleged, that he was a creditor of the defendant in execution, and held a mortgage for the principal sum of about $300, covering the inter-est of the defendant in execution; that it was inferior to the judg-ment of Mattox; and that, on account of the contingencies sur-rounding and affecting the estate sought to be subjected, the estate, . if now sold, would not· bring an amount sufficient to protect the mortgage, because bidders would be limited by the uncertainty of the title and estate offered for sale.

The defendants demurred to the petition.   On the hearing of the application for injunction, the case was submitted to the presiding judge on the sworn pleadings of the plaintiffs and the demurrer of the defendants, together with an admission that the widow of the testator was more than sixty years of age.   The judge granted the injunction, and the defendants excepted.

*Z. B. Rogers,* for plaintiffs in error, cited *Ga. R.* 75/448, 77/-555, 556; 82/13; 103/733 (distinguished).

*George C. Grogan,* contra, cited Civil Code, §4915; *Ga. R.* 3/345; 92/772; 105/727.

LUMPKIN, J.   (After stating the foregoing facts.)

There is but one question in this case.   An execution against the son of a testator was levied upon an undivided one-ninth interest in the remainder estate in certain lands.   The widow, six children of the testator, and another person, as next friend of the minor children of the defendant in execution, filed their equitable petition to enjoin a sale under the levy.   By amendment, one of the plaintiffs alleged that he was also a mortgage creditor of the defendant in execution, whose mortgage was inferior to the judgment.   There were no disputed questions of fact.   The controlling question of law was raised by demurrer, as a legal showing against the grant of the injunction.   If the son, who was the defendant in execution, acquired, under the will of his father, such a vested legal estate as was subject to present levy and sale under the execution, the judgment granting the injunction was wrong; otherwise it was right.

What estate did the defendant in execution have under the will? By its terms an estate was created during the life or widowhood of the testator's wife, for the benefit of herself and family.   But it was provided that none of the sons were to be beneficiaries under this clause of the will after marrying or becoming of age, or after the neglect or refusal to do and perform their duty in the management and taking care of the estate; and that the testator's daughters should not receive any benefit under such clause after their marriage, until the final division of the estate.   As to the remainder estate the will provided as follows: If the testator's wife should marry, the entire estate should be equally divided among her and the testator's children then living, share and share alike.   If she should die without marrying, the property should be divided equally

among the testator's then living children, provided that should either of them die before the division directed to be had upon the marriage or death of the widow, leaving a child or children at the time of the division, then such child or children should receive one half of the portion of the testator's estate which their father or mother would have received if they had been living. The testator expressed a desire that his wife should give to the children, or either of them, when they should arrive at the age of twenty-one years or marry, such an amount of the property as she might think best, keeping a correct memorandum of such amount, so as to be charged against them at the final settlement or division. The widow was made executrix during her life or widowhood, and upon her death or marriage the two eldest sons of the testator then living were to act as executors. We think that the contingent, uncertain, and shifting character of the remainder was such that, during the life and widowhood of the wife, one of the testator's sons did not have a vested remainder estate which was subject to levy. There was a contingency both as to the persons who should take in remainder and as to the quantity of estate which they should take. The provision of the will allowing the wife to give to any child or children of testator, upon arriving at age or marrying, such an amount of property as she might think best, without limiting her to what might pass to the child or children of such person if he or she should die before the ultimate division, still further complicates the matter and increases the uncertainty as to the ultimate estate; and the declaration that the wife "should manage" the estate during her life or widowhood, and the two sons appointed as executors should not qualify until after her death, indicates an intention on the part of the testator that the estate in remainder is not to be treated as a vested legal estate during the continuance of the life or widowhood of his wife. Whether the estate of the defendant in execution was an equitable estate, or was a legal contingent remainder, in either event it was not subject to levy and sale. The presiding judge therefore, did not err in granting an injunction. See *Harber & Brother* v. *Nash,* 126 *Ga.* 777 (55 S. E. 928) *Hatcher* v. *Smith,* 103 *Ga.* 843 (31 S. E. 447) ; *Watson* v. *Adams,* Id. 733 (Id. 577). In the following cases there was an express trust, but the rulings throw some light upon the question involved. *Blake* v. *Irwin,* 3 *Ga.* 345; *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E.

46); *Riggins* v. *Adair & McCarly Brothers,* 105 *Ga.* 727 (31 S. E. 743). The terms of the will under consideration are quite different from those involved in *Lufburrow* v. *Koch,* 75 *Ga.* 448, and other cases cited by the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Holden, J., disqualified.*