## CONNOR v. EDWARDS.

1. PRACTICE—TRIAL—APPEAL.—After hearing testimony in an action brought for recovery of real property, the trial judge adjudged that a deed from defendant, under which plaintiff claimed, was intended to operate as a mortgage. The case was thereupon withdrawn from the jury and referred to the master to ascertain the amount of the debt due. The testimony upon which these conclusions were based not being printed in the "Case," *held*, that error in these rulings could not be declared.

2. REFERENCE—REPORT.—It having been referred to the master to ascertain the amount due on a mortgage, and no effort made at the time to enlarge the scope of the reference, and the master having reported that the mortgage was void for fraud, the Circuit Judge properly recommitted the report with instructions to make a further report upon the only matter that had been referred.

3. EXCEPTIONS not considered, because too general.

4. MARRIED WOMEN—MORTGAGE.—A mortgage made in February, 1882, by a married woman of her separate estate to secure a debt due by her husband was authorized by the then existing statute, and was valid and binding.

Before FRASER and ALDRICH, JJ., March and October, 1890.

This was an action by W. M. Connor against Rosanna Edwards. The opinion states the case.

*Mr. S. J. Lee,* for appellant.

*Mr. J. Ancrum Simons,* contra.

September 3, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. In 1888 William M. Connor, as plaintiff, began his action against Rosanna Edwards, as defendant, in the Court of Common Pleas for Berkeley County, to recover the possession as the owner of a small tract of land, containing about twenty acres, from such defendant. The answer of the defendant admitted the possession of the land in dispute, but denied plaintiff's right of recovery upon the ground that the paper she executed on the 7th day of February, 1882, was intended by her

to be a mortgage of such land to the plaintiff to secure an indebtedness of $80; that all such business was conducted by one George W. Shingler as the agent of the plaintiff; that at the end of the year 1882 she fully repaid such advances to such plaintiff through his agent, Shingler; and that if plaintiff has a paper signed by her as a deed, it is either a forgery, or was obtained from her by the fraud or misrepresentation of plaintiff's agent, G. W. Shingler.

The trial of the issues raised by the pleadings was begun before Judge Fraser and a jury, and after hearing some testimony, including, it is supposed, that relating to the paper writing, signed by the defendant, the presiding judge withdrew the case from the jury, and at the same time passed the following order: "On hearing the pleadings and evidence in this case, it is adjudged and decreed, that the paper sued on, though in form a deed of conveyance, was intended by the parties as a mortgage, and is hereby declared to be such. It is further ordered, that it be, and hereby is, referred to master J. A. Leland to take testimony as to the amount, if any, due under the said mortgage, and to report the same to this court, with leave to report any special matter. It is further ordered, that the defendant have leave to set up as a defence that she was a married woman, and could not mortgage her property for the debt of another."

Master Leland took the testimony offered before him by both parties, and on the 11 March, 1890, submitted his report to the court. The testimony tended to establish this condition of matters: The firm of W. M. Connor and Brother, being composed of W. M. Connor and John T. Connor, as partners, had made advances to Henry Edwards, husband of defendant, Rosanna Edwards, to the amount of $214, up to 7 February, 1882. This claim was sent to George W. Shingler to be collected, or to be secured. On that day a deed absolute on its face, which deed was prepared by G. W. Shingler, in consideration of $214, was signed by Rosanna Edwards under her hand and seal, in the presence of two witnesses, and thereby conveyed twenty acres of land owned by said Rosanna to W. M. Connor and Brother. This deed was forthwith recorded in the office of the register of mesne conveyances for Berkeley County, and the taxes on said

land were paid by W. M. Connor and Brother from 1882 up to the trial. In 1887 the firm of W. M. Connor and Brother was dissolved, and this mortgage assigned by John T. Connor to William M. Connor. No other transaction was ever had by said firm with Rosanna Edwards, except the taking of the mortgage, and this transaction was conducted through the agency of G. W. Shingler. Henry Edwards died in 1883. George W. Shingler died after November, 1886, and before 1890. George W. Shingler was never employed by William M. Connor and Brother, except in the taking of this mortgage, and all business between them ceased when the mortgage was forwarded to such firm in February, 1882. After Henry Edwards died, his brother, Fred. Edwards, in behalf of his sister-in-law, Rosanna, proposed a compromise of the indebtedness to William M. Connor, claiming that his sister-in-law, his brother, and G. W. Shingler all called the paper signed by Rosanna a mortgage. This offer of compromise was in 1885.

Rosanna Edwards claims that she received $80 in supplies from G. W. Shingler, as agent of W. M. Connor and Brother, in the year 1882, and that to secure these advances she executed this mortgage, and that she fully paid those advances at the end of the year 1882, by delivering to G. W. Shingler two bales of cotton; that she could not read or write; and that she signed the paper as a mortgage to secure $80, and no more. The report of the master, dated the 11 March, 1890, adopted the defendant's views, and recommended that the complaint be dismissed, and that the deed and its record be cancelled as null and void.

The plaintiff excepted to the report, and at a hearing thereof before his honor, Judge Fraser, on the 26th March, 1890, he made the following decree: "The master seems to have misconceived the purpose of the order of reference. It was not referred to him to inquire whether the deed referred to was or was not obtained by fraud or false pretences. The deed was adjudged not to be absolute, but as a mortgage to secure some debt. It was for the master, therefore, to inquire what this debt was, and what amount, if any portion of it, remains unpaid, and if any, then how much. The defendant was also allowed to show, if she could, that she was a married woman when the deed was exe-

cuted, which was held to be a mortgage, and to set up that fact, if proved, as a defence, so far as the same was a valid defence. It is, therefore, ordered, that the report be recommitted to the master to inquire and report on the case as provided in the original order, using any competent testimony heretofore taken before him, and such other testimony as may be introduced before him."

The report of the master, dated 3d June, 1890, found the debt secured by the mortgage to be $214, for the payment of which he recommended that the land mortgaged be sold under these proceedings; that defendant was a married woman at the date of the mortgage, and that the debt secured thereby was that of her husband, Henry Edwards, but that the laws of this State made effectual at that date—7th February, 1882—any mortgage executed by a married woman as security for another, or to secure the indebtedness of another, quoting the case of *Pelzer, Rodgers & Co.* v. *Campbell & Co.*, 15 S. C., 596, in support of such conclusion. To this report of the master the defendant duly excepted, and a hearing was had thereon before Judge Aldrich, who filed his decree on 21 October, 1890, overruling all the exceptions, save one on an immaterial point, and confirming the report of the master.

From this decree of Judge Aldrich, as well as those of Judge Fraser, the defendant now appeals to this court on the following grounds: 1. Because his honor, Judge Fraser, erred in taking the case from the jury and referring it to the master after the issue was joined and two witnesses examined for the plaintiff, there being the question of fraud involved. 2. Because his honor, Judge Fraser, erred in recommitting the case to the master when his (the master's) report was strictly responsive to the pleadings, the order of reference, and fully supported by the evidence. 3. Because the master's first report found as matter of fact that the signature of the defendant to the mortgage (deed) was procured by fraud and misrepresentations made by one G. W. Shingler, agent of the plaintiff, and that said mortgage was void, and said finding of fact being sustained by the evidence, it was error in the judge not to have confirmed said report. 4. Because the master found that the mortgage sued on had been fully paid, and the judge erred in not confirming said report. 5.

Because his honor, Judge Aldrich, erred in overruling the defendant's exceptions to the master's last report. 6. Because his honor, Judge Aldrich, erred in deciding that the property mortgaged (being the separate property of a married woman) could be taken for the debt of her husband, when the said mortgage was never executed, nor intended for any such purpose. 7. Because the decree of the Circuit Court is contrary to law, and wholly unsupported by the evidence.

We will now consider these grounds of appeal in their order.

1. The appellant, in the "Case," fails to set forth the testimony upon which the Circuit Judge based his decree complained of. Under such circumstances he has left this court entirely uninformed as to its effect. There can be no excuse for such an omission. The First Circuit is supplied with an efficient stenographer, and the "Case" fails to disclose any effort on the part of the appellant to obtain such testimony. This court has repeatedly reviewed errors of Circuit Judges in the matter complained of here, when the record enables us to apprehend the force of appellant's objection. The case of *De Walt* v. *Kinard*, 19 S. C., 286, furnishes an illustration. Still, this court will not assume that a Circuit Judge has committed an error when no basis for such a conclusion is furnished in the "Case." It is not only the right, but it is the duty, of the Circuit Judge to withdraw a case from a jury when the facts and pleadings warrant such a course. It should always be remembered that the presumptions are in favor of the Circuit Judge in such cases. That this should be so will be readily seen when it is remembered that a Circuit Judge, from his high character, legal attainments, and great responsibility to see that justice is administered, can have no motive except to do right. We are unable, therefore, to agree with the appellant here.

2. The appellant complains of the act of the Circuit Judge in recommitting the master's first report after due argument upon exceptions to the same. We fail to find error in the Circuit Judge in this particular. By an examination of the decretal order providing for the reference of issues to the master, it will be seen that the Circuit Judge was very careful to lay down the lines within which the investigation of the master

should be confined ; the master was required "to take testimony as to the amount, if any, due under the said mortgage, and to report the same to the court." In his report the master disregarded these directions by extending the range of his investigation as to the existence and validity of the mortgage itself. Unquestionably this was error in the master, and the Circuit Judge very properly corrected it, as far as he could, by recommitting the report. In the "Case" we fail to find any effort on the part of the appellant to have the original order of reference enlarged, and, to that extent, at least, his complaint has never been made to the Circuit Judge, as, in common fairness to such judge, it should have been. This court has repeatedly admonished litigants that by the organic law of the State it is confined to the hearing of such appeals as allege errors in the rulings, judgments, or decrees actually made by the trial judges. It is too late to raise questions when they are raised in this court for the first time, except in a very few instances, such as jurisdiction and the like. We must overrule this ground of appeal.

3. The appellant complains that the report of the master, dated 11th March, 1890, wherein he found that the mortgage was a nullity, and wherein he recommended that such mortgage should be decreed null and void, &c., was not confirmed by the trial judge. We do not see how the Circuit Judge could have so acted, in view of the fact that it was evident the master had erroneously extended his investigations touching issues not referred to him. The first report was recommitted to the master, thereby annulling all its findings and recommendations, and the master was careful not to include such errors in his second report. This ground of appeal must be dismissed.

4. The appellant seeks in this ground of appeal to renew his request, that the first report of the master as to some of its findings should have been adopted by the Circuit Judge. For the reasons already advanced, we cannot support this ground of appeal, and it is dismissed.

5. The appellant attacks the decree of Judge Aldrich, because he overruled his exceptions to the master's report. This ground of appeal will not be considered. Under the

uniform rulings of this court, it is too general. It is, therefore, dismissed.

6. This ground of appeal relates to the power of a married woman in this State on the 7th day of February, 1882, to mortgage her property to secure the debt of her husband. There was no error in the decree of the Circuit Judge in this particular. *Pelzer, Rodgers & Co.* v. *Campbell*, 15 S. C., 581; *Clinkscales* v. *Hall, Ibid.*, 602, settled the law in this State up to the 1st day of May, 1882, and sustained the decision of the Circuit Judge. This ground of appeal is dismissed.

7. Lastly, the appellant would reverse the decree on Circuit, because it is contrary to law, and wholly unsupported by the evidence. Under the rules of this court, as fixed by numerous decisons, this ground of appeal is too general to receive notice. It is, therefore, dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.