WADE, administrator, *et al. v.* SAUSSY, administrator; *et vice versa.*

1. The court properly overruled the general and special demurrers to the petition and intervention. The petition and intervention stated a cause of action, and the parties named as plaintiffs in the one and as intervenors in the other were proper parties.

2. The third item of the will under consideration was as follows: "I owe one thousand pounds sterling to the estate of my sister Agnes—Mrs. Scott, now represented by her son Hugh Scott. These amounts were borrowed by me on condition that I return them when I no longer needed them. Interest was not mentioned either by them or by me. One thousand pounds to each will be satisfactory. This money business to be conducted with my nephew Hugh Scott, and with no one else." The court properly construed this portion of the will as creating a legacy, and not as a provision for the recognition and payment of a debt.

3. Under the issues made and the facts, it was the office of the judgment and decree, and not of the verdict of the jury (which was special in its character and in answer to questions submitted), to fix the dignity and priority in payment of the amount due and payable under the third item of the will which has been construed as creating a legacy. Hence the ground of the motion for a new trial in the first

of the cases stated above, complaining of the failure of the verdict to establish the priority in payment of the amount due and payable under the stated item of the will, is without merit.

4. There was no merit in the exceptions of the plaintiffs and the intervenors to that portion of the decree directing that the amount payable as a legacy, under the provisions of the third item of the will, should be paid to the administrator of the legatee.

5. Even if the evidence admitted over objection, as stated in the motion for a new trial made by the plaintiffs in error in the first of the above-stated cases, was incompetent, it is not of such materiality as to require the grant of a new trial.

Nos. 1050, 1064. SEPTEMBER 4, 1919.

Equitable petition. Before Judge Meldrim. Chatham superior court. May 29, 1918.

W. H. Wade as administrator of the estate of Agnes Scott, and Hugh Scott individually, filed a petition in the superior court of Chatham County, against Gordon Saussy as administrator cum testamento annexo of the will of Hugh F. Train, deceased, for construction of the will of the latter and for recovery of the sum of $4,866.50 from the defendant, and for a decree requiring the defendant to perform the terms of the will and pay over said sum of money, which was claimed under the provisions of the will. At the appearance term of the court (June, 1915) the defendant filed a demurrer to the petition. The demurrer was upon the grounds, among others, that the petition set forth no cause of action, and that there was a misjoinder of parties. Thereafter, at the December term, John Train Scott and others, alleging themselves to be heirs at law of Agnes Train Scott, who had died in the year 1900, filed their intervention, alleging that under the provisions of the will of the defendant's testator there was due and payable to Agnes Scott the sum of $4,866.50, whether the language of the will should be construed to be an acknowledgment and recognition of indebtedness due by the testator to Agnes Scott, with direction to pay the same, or whether the will should be construed as creating a legacy or gift of that amount of money; that Agnes Scott being dead, and each of the intervenors being entitled to a one-ninth interest in her estate and in said sum of money, a one-ninth interest thereof should be paid to each of them. Intervenors prayed a judgment in their favor for that amount. This intervention was demurred to on the grounds that it showed no cause of action, and that the intervenors were not proper parties. Subsequently the intervention was amended, and there was a prayer for a marshaling of the

assets and a decree distributing the estate, and that the rights of the intervenors as legatees or beneficiaries or as creditors be determined. The demurrers were overruled. The defendant filed a plea and answer, and a subsequent plea of plene administravit præter. Before the trial the parties to the case entered into and filed a written stipulation and agreement admitting that the only claim of the estate of Mrs. E. F. Train, the wife of the testator, and her children, as creditors against the estate of H. F. Train was the sum of $2,688.98, which had been paid, and the payment thereof was sanctioned. On the trial of the case the jury, under the charge and direction of the court, in answer to questions submitted, found that the claim under item 3 of the will was a legacy; that the intervenors were the heirs at law of Agnes Scott, as alleged, and each of them was entitled to a one-ninth interest in her estate. Upon this verdict a decree was entered, adjudging, among other things, that under the 3d item of the will a legacy in the sum of one thousand pounds sterling was bequeathed to the estate of Mrs. Agnes Scott, which should be paid to the plaintiff Wade, as administrator. The decree also fixed the dignity of the bequest contained in that item of the will; it further fixed the interests of the intervenors, and authorized the administrator of the estate of Hugh F. Train to sell the realty not specially devised, belonging to that estate, and apply the proceeds in payment of the bequests named in the 3d paragraph of the will, in their due proportions. The plaintiffs and intervenors excepted to the decree, and also made a motion for a new trial, which motion, upon hearing, was overruled. The defendant administrator also excepted to the decree and made a motion for a new trial. This motion was likewise overruled. The movants in each case excepted to the overruling of their motions for new trial.

*Osborne, Lawrence & Abrahams* and *W. L. Clay,* for plaintiffs.

*Adams & Adams,* for defendant.

BECK, P. J. The two cases brought to this court for review, as set forth in the statement of facts, were argued together, and are here decided together.

1. We are of the opinion that the court properly overruled the demurrers, both general and special. We think that a petition of the nature of the one under consideration could properly be maintained for the purpose of adjudicating and decreeing the rights and interests of the parties to the action. Nor was there a misjoinder

of parties. The parties to the action were all parties at interest, and their interests could be best settled by having them all before the court, so that their exact interest, as it might appear from the evidence, should be fixed.

2. The main and controlling question touching the merits of the case is whether, under the provisions of item 3 of the will of Hugh F. Train, a legacy or a debt was created. The court below was of the opinion that the provisions contained in this item of the will created a legacy. And while as to this holding of the court much might be said pro and con, after careful consideration of the question we are of the opinion that the court properly construed the provisions in question. Item 3 reads as follows: "I owe one thousand pounds sterling to the estate of my sister Agnes—Mrs. Scott, now represented by her son Hugh Scott. These amounts were borrowed by me on condition that I return them when I no longer needed them. Interest was not mentioned either by them or by me. One thousand pounds to each will be satisfactory. This money business to be conducted with my nephew Hugh Scott, and with no one else." Construing this portion of the will as creating a legacy, it may be conceded that it is unique; and as one revolves it in his mind, attempting to reach a proper construction, various objections to the construction which we have given it may arise. But then, after further considering and studying it, it becomes clearer that the intention in the mind of the testator, especially when the terms of the provisions are considered in the light of all the circumstances, was to create a legacy, and not to make provision for the payment of a debt. The statement of the amount which he had borrowed from his sister is used, it is true; but it is used rather as a measure of bounty than to fix the amount of a recognized indebtedness. While the testator in the language employed states as an amount borrowed the sum of one thousand pounds sterling, he follows this language by stating that interest was not mentioned by either the borrower or the lender, and that "one thousand pounds to each will be satisfactory." If he created this as a debt which he was attempting to pay, when it is considered that the accumulated interest would have multiplied the original debt several times, he could not have asserted with such perfect confidence that one thousand pounds sterling would be satisfactory. But knowing his two sisters, from each of whom he had borrowed one thousand

pounds (the other sister is mentioned in item 2 of the will), and the spirit in which they had let him have the one thousand pounds, and the indefinite time as to when it should be repaid, and realizing their love for him and his for them, he felt that the giving of one thousand pounds as a legacy would be satisfactory. We do not think the case of *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136), is so nearly identical upon its facts with the present case as to make it controlling upon the question as to whether the third item of the will created a legacy.

3. No elaboration of the ruling made in headnote 3 is necessary.

4. As against the intervenors there was no error, in view of all the pleadings and evidence in the case, in decreeing that the legacy should be paid to Wade, the administrator of Mrs. Agnes Scott. If Hugh Scott, named in the third item of the will, and with whom "this money business is to be conducted," had filed a petition and prayed that the legacy be paid over to him, the court would have been required to decide whether the money should be paid to him as trustee; or if Hugh Scott had excepted directly to the portion of the decree directing the payment of the legacy to Wade, the administrator, it might have been proper to decide the question. But we do not find in the record any exception made by Hugh Scott to this portion of the decree; nor does he make this distinct contention in the petition, but he joined with Wade, administrator, in a petition praying that in the event the court should construe the will and that portion thereof contained in item 3 as creating a legacy instead of being an acknowledgment of a debt, the administrator with the will annexed, the defendant, "be required to perform the terms of the said will and to pay over to petitioners the amount named in said will." This prayer is not a distinct prayer upon the part of Hugh Scott that the money be paid over to him as trustee; and if it were, still there is no exception on his part to the direction in the decree that the legacy be paid to Wade, the administrator.

5. Even if the evidence admitted over objection, as stated in the motion for a new trial made by the plaintiffs in error in the first of the above-stated cases, was incompetent, it is not of such materiality as to require the grant of a new trial.

The assignments of error not specially dealt with above show no, cause for reversal.

*Judgment affirmed in both cases. All the Justices concur.*