LONGINO, executor *v.* BEARDEN, executor, *et al.*

No. 9398.   JULY 13, 1933.

354

*George & John L. Westmoreland,* for plaintiff in error.

*Linton S. James* and *Clifford M. James,* contra.

BECK, P. J.  (After stating the foregoing facts.)

The court did not err in overruling the general demurrer

filed by Longino.. It does not appear that the will of Mrs. Martha A. Bearden has been probated in solemn form; or, if it was probated in solemn form, it does not appear that those who would have taken under the will of W. F. Bearden had such notice or were made parties, so as to set up the alleged fact, now insisted on in this petition, that Mrs. Martha A. Bearden did not have testamentary capacity to make a will disposing of the property belonging to the estate of her husband, W. F. Bearden. If as a matter of fact Mrs. Martha A. Bearden was mentally incapable of executing a will, then her purported will did not have the effect of vesting the legatees and devisees under her will with the right and title to the property which she undertook to dispose of in that instrument.

■ Upon a consideration of the grounds of special demurrer which were overruled, we have reached the conclusion that the court erred in overruling those grounds based upon the contention that the petition was multifarious in that there was a misjoinder of causes of action, and that there was a misjoinder of parties defendant. Longino, as executor of Mrs. Martha A. Bearden, had no interest in the alleged cause of action set up in the petition against his codefendant, John Franklin Thompson. In paragraph 4 of the petition an attack is made upon a deed made by Mrs. Bearden to Thompson, conveying the real estate described in that paragraph. The deed was made before Longino, as executor, represented Mrs. Martha Bearden's estate, and he is certainly not liable to the plaintiff to account for any rents or profits of the said real estate. And, without taking up and settling the cause of action stated in this petition against Mrs. Sarah Hutson, against George W. Colquitt, and against J. C. Burrell, it is equally clear, from reading the paragraphs of the petition which relate to transactions between Mrs. Martha Bearden and the last three named defendants, that Longino had no interest in any of those transactions, and he should not be compelled to join in a defense as against the attacks made in the paragraphs referring to those other defendants. He would be hampered in his defense and required to ascertain facts and relationships in which he was in no wise concerned.

We do not pass in this case upon certain other grounds of the special demurrer; as, for instance, whether or not the allegations as to Mrs. Martha A. Bearden's mental incapacity to make a will are sufficient to withstand the criticisms of the special demurrer based

upon the ground of insufficient allegations as to testamentary incapacity. For, after holding that there was a misjoinder of causes of action and of defendants, the entire case must be dismissed, unless the plaintiff shall so amend as to meet the special demurrers and eliminate some of the causes of action and certain of the defendants. The case is remanded for another hearing in the superior court. If upon the hearing, after proper amendment, the other defendants to whom we have referred are eliminated and the case is left as proceeding against Longino as executor, alone, it may then be determined whether the allegations as to the testamentary incapacity of Mrs. Bearden are sufficient. But, as said above, if the petition is not so amended as to meet the grounds of special demurrer which we have held to be good, then of course the case will be dismissed, and there will be no further amendment to meet the special demurrer of Longino. And moreover, as all that took place after the overruling of the special demurrers which we have held to be good was nugatory, the court will not now decide whether or not under the will of W. F. Bearden Mrs. Bearden could dispose of the property by will as she undertook to do.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*