### HARGROVE *et al.* v. YOUMANS *et al.*

BECK, Presiding Justice. The plaintiffs were the claimants in a case tried before the filing of this suit. In that claim case a judgment adverse to them was rendered, and they are bound thereby, it not appearing that the party there appearing as next friend was guilty of any fraud, or that there was any irregularity in his being named as next friend, he being a party claimant, and the minors being his brothers and sisters. The fact that the father both of the next friend and of the minors was in life did not render improper or irregular the naming of the brother of the minors as next friend. This necessarily follows from the ruling and the reasoning in *Walden* v. *Walden*, 128 *Ga.* 126 (57 S. E. 323), where it was said that "If the property of minors is levied on, and they have no legal guardian, it would seem that they ought not to be deprived of the right to assert their title in order to prevent a sale, and they can only do this through a guardian ad litem or next friend," and where it was broadly held, as a general rule: "Where property to which minors claimed title was levied on under an execution against another person, and a next friend for and on behalf of the minors interposed a claim thereto, and this was duly tried without objection to the form of the proceeding, and the property was found subject, this would be conclusive upon the minors." It follows that the judgment sustaining the general demurrer was proper.

*Judgment affirmed. All the Justices concur.*

No. 10821. JANUARY 17, 1936.

616

*Alfred Herrington Jr.,* for plaintiffs.
*A. S. Bradley,* for defendants.