## CARITHERS, executor, *v.* FLANIGAN.

BELL, Justice. A person who was a devisee sued the executor of the will for (1) specific performance of an oral contract for the sale of land alleged to have been made by the testator; (2) a decree of title in the plaintiff as to a separate tract of land, claimed by her under a deed from the testator, and called herein tract No. 2; (3) an order requiring the executor

to assent to a legacy in favor of the plaintiff; (4) recovery of a sum claimed by the plaintiff as rent on tract No. 2, but alleged to have been collected by the defendant; (5) an accounting. The petition alleged that the defendant refused to recognize the plaintiff's claim to either of the tracts of land mentioned, and was interfering with her possession of tract No. 2. The defendant was sued both as executor and as an individual, and he demurred to the petition in both capacities. In response to the demurrer filed by him in his individual capacity, and sustained with leave to amend, the plaintiff amended her petition by striking the name of the defendant as a party in the latter capacity. After this amendment, the defendant as executor renewed all grounds of the original demurrer filed by him in that capacity, including grounds of general demurrer, and demurred to the petition as amended, upon the grounds, among others, that it contained a misjoinder of causes of action, in that each of the asserted grounds for relief as stated above was improperly joined with the others. The court overruled the demurrer last filed, both as to renewal of former grounds and as to the additional grounds. The defendant excepted. From the brief filed in this court it appears that the plaintiff in error is insisting here only upon the grounds of demurrer as to misjoinder of causes of action against the defendant as executor, as urged in the last demurrer. *Held:*

The several grounds of complaint were connected with the same estate and with the conduct of the defendant as executor thereof. These facts supplied such a common connection between the several causes of action as to render it proper for a court of equity to determine all of them in one suit. *Brown* v. *Latham*, 92 *Ga.* 280 (18 S. E. 421); *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97); *Miller* v. *Jones*, 136 *Ga.* 428 (2, 3) (71 S. E. 910); *Wade* v. *Saussy*, 149 *Ga.* 340 (100 S. E. 106); *Powell* v. *McKinney*, 151 *Ga.* 803 (4) (108 S. E. 231); *Wimberly* v. *Ross*, 152 *Ga.* 258 (109 S. E. 500); *Battle* v. *Royster Guano Co.*, 155 *Ga.* 322 (118 S. E. 343); *Hermann* v. *Mobley*, 172 *Ga.* 380 (3) (158 S. E. 38); *Gormley* v. *Wilson*, 176 *Ga.* 711 (168 S. E. 568); *Swann* v. *Wright*, 180 *Ga.* 323 (179 S. E. 86); *Walters* v. *Suarez*, 188 *Ga.* 190 (3) (3 S. E. 2d, 575); *Benton* v. *Turk*, 188 *Ga.* 710 (7) (4 S. E. 2d, 580). The case differs on its facts from *McCowan* v. *Snook*, 175 *Ga.* 430 (165 S. E. 84), and *Longino* v. *Bearden*, 177 *Ga.* 353 (170 S. E. 237), where there was no common nexus.

*Judgment affirmed. All the Justices concur.*

No. 13132. May 15, 1940.

*G. A. Johns, Charles L. Henry,* and *R. H. Kimball,* for plaintiff in error.

*Joe Quillian* and *Robert L. Russell,* contra.