SALIBA *et al. v.* SALIBA.

No. 15781.   MAY 16, 1947.

*H. A. Wilkinson, R. R. Jones,* and *W. L. Ferguson,* for plaintiffs in error.

*Farkas & Burt,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ "In all cases, the marriage of the testator or the birth of a child to him, subsequently to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." Code, § 113-408. In *Sutton* v. *Hancock,* 115 *Ga.* 857 863 (42 S. E. 214), this court said: "The fact that the testator may have lived some time after the birth of the child and failed to make any change in his will can make no difference. The will was void immediately upon the birth of the child, and nothing the testator might do or fail to do could give it life. It was dead, as completely as if he had destroyed it by burning or any other means known to the law." The petition filed by George M. Saliba I to probate the will of John Rogers Saliba affirmatively showed on its face that the will had been revoked by the birth of the plaintiff, he having been born after the execution of the same and no provision having been made in contemplation of such event. No contention is here made that the will was not revoked by the birth of the plaintiff, but it is urged that he is bound by the judgment probating it, since he was represented in that proceeding by a guardian ad litem. The record shows on its face that the plaintiff was two months old when the judgment of probate was rendered by consent obtained by the propounder from the plaintiff's guardian ad litem. The petition alleges that the mother of the plaintiff was an inexperienced person; that she had confidence in the pro-

pounder, and was told by him that the will provided for her and the plaintiff, and she was never advised by the propounder or his attorney that the will had been revoked by operation of law on the birth of the plaintiff. In *Nelson* v. *Estill,* 190 *Ga.* 235, 243 (9 S. E. 2d, 73), this court said: "The plaintiffs in error invoke the general rule that an infant is bound by a judgment rendered in a suit in which he is represented by a next friend, to the same extent as though he were an adult. *Walden* v. *Walden,* 128 *Ga.* 126 (7) (57 S. E. 323) ; *Reeves* v. *Lancaster,* 147 *Ga.* 675 (95 S. E. 246), s. c. 159 *Ga.* 540 (4) (126 S. E. 480). This general rule is subject to an exception in case of fraud, collusion, or like conduct on the part of the next friend. *Watkins* v. *Lawton,* 69 *Ga.* 671 (3) ; *Gentle* v. *Georgia Power Co.,* 179 *Ga.* 853, 854 (177 S. E. 690) ; *Hargrove* v. *Youmans,* 181 *Ga.* 614 (183 S. E. 564). In such case the judgment may be set aside at the instance of the minor, and this is true although it may be a consent judgment. *Mobley* v. *Belcher,* 144 *Ga.* 442 (87 S. E. 470) ; *Carroll* v. *Atlantic Steel Co.,* 151 *Ga.* 378 (106 S. E. 908) ; *Speck* v. *Speck,* 42 *Ga. App.* 517 (15 S. E. 706) ; 31 C. J. 1141, § 298. The court did not err in overruling the demurrer on the general ground that the petition did not set forth a cause of action."

We do not think it necessary to enter into any extended discussion of the authority of a guardian ad litem to represent and bind his ward, but it is sufficient here to say that, where a proceeding is filed to probate a will which unquestionably has been revoked by the subsequent birth of a child, and no provision has been made in contemplation of that event, and that fact appears on the face of the proceedings, consent by a guardian ad litem that the will be probated is clearly beyond the scope of his authority, and on a proper application for that purpose the judgment of probate should be set aside. The allegations of the petition, therefore, are sufficient to state a proper cause of action for setting aside the judgment of probate.

■ But how stands the petition with reference to setting aside the judgment sustaining the demurrer and dismissing the suit in the equitable proceeding filed in the Superior Court of Terrell County? The plaintiff's former guardian ad litem, as his next friend and for herself individually, brought that suit and prayed that the judgment probating the will of John Rogers Saliba be

set aside. It alleges that during the pendency of that suit, and after a general demurrer had been interposed to the petition, the executor, George M. Saliba I, agreed with his mother (plaintiff's next friend) that, if she would consent for the demurrer to be sustained, he would agree that she might have a year's support out of the estate of her deceased husband, the plaintiff's father, on condition that she and the plaintiff would have no further interest in the estate. Pursuant to this agreement, appraisers set apart $25,000 as a year's support to the plaintiff and his mother, and on receipt of the same by his mother the demurrer which had been filed was sustained by and with her consent and the suit dismissed. The estate of his father is of the approximate value of $125,000. The court was not advised of the agreement between his next friend and the executor and did not approve it. The plaintiff was about thirteen months old when the judgment sustaining the demurrer was rendered. It is alleged that the agreement between his next friend and the executor, George M. Saliba I, was collusive and constituted a fraud on the plaintiff insofar as his interest in his father's estate was concerned, and his mother as his next friend in making the agreement with the executor was grossly negligent in the performance of her duty to the plaintiff. The court would not have sustained the demurrer and dismissed the case had he been apprised of the facts upon which the plaintiff's next friend consented thereto. For purposes of the demurrer, we must take the allegations of the petition as true. In the circumstances of this case as they are reflected by the petition as amended, did the next friend, without leave of the court, have authority thus to compromise and settle the issues made in the case? We think not. "A guardian ad litem or next friend has no authority to compromise or settle a suit except by leave of the court." *Betts* v. *Hancock*, 27 *Ga. App.* 63, 65 (107 S. E. 377); Edsall *v.* Vandermark, 39 Barbour (N. Y.) 589. "Ordinarily a guardian ad litem or next friend may, with the consent of the court, agree to a settlement or compromise beneficial to the infant, and the court has power to authorize it. It has been held that a compromise entered without the order or sanction of the court, and considered void, cannot be validated by the subsequent approval thereof by the court." 31 C. J. 1142, § 302. And in *McCommons* v. *Reid,* 201 *Ga.* 500 (40 S. E. 2d, 73), this court said: "We do not say that

even a guardian ad litem would have been authorized to conclude the plaintiff by a consent verdict in the year's support proceedings. Kingsbury v. Buckner, 134 U. S. 650, 659, 680 (10 Sup. Ct. 638, 648, 33 L. ed. 1047). The petition, however, contains no allegations that the question as to the propriety of the consent verdict was not duly submitted to the court by a lawful representative of the plaintiff, or that the court did not investigate the facts and the justice of the proposal. It should therefore be presumed that both of these things happened and that the interests of the minor were thus duly protected."

From the allegations in the instant case no such presumption, however, arises, and it must necessarily be assumed therefrom that the court did not investigate the propriety of the settlement and the facts and justice upon which it was made.

■ The petition is attacked by grounds 3 and 4 of the demurrer as failing to state a cause of action, because its allegations affirmatively show that the same grounds for setting aside the judgment of probate were alleged or could have been alleged in the equitable suit filed in the Superior Court of Terrell County, Georgia, which terminated in a judgment adverse to the plaintiff on December 6, 1945; and because the allegations of the present petition show that the judgment of December 6, 1945, is now sought to be set aside for the same reasons as those alleged in the equitable proceeding in Terrell Superior Court, which resulted in a judgment adverse to the plaintiff. It will be conceded that, if the allegations in the instant case are insufficient to state a cause of action for setting aside the former judgment, in the equitable suit, then all of the issues raised by the petition here are res judicata. Ordinarily the defense of res judicata must be raised by special plea, but where the facts showing such defense appear on the face of the petition, it may be taken advantage of by motion or demurrer. *Ellis* v. *First National Bank*, 182 *Ga.* 641 (2) (186 S. E. 2d, 813); *Palmer* v. *Jackson*, 188 *Ga.* 336 (4 S. E. 2d, 28). We have held in the second division of this opinion that the allegations of the petition are sufficient to state a cause of action for setting aside the judgment of December 6, 1945; and if upon a trial of this case that judgment is set aside, it will, of course, cease to be res judicata of the issues which were therein made or which under the rules of law could have been made. These grounds of the de-

murrer are, therefore, without merit and it was not error to overrule them.

■ "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner." Code, § 37-219. "Fraud will authorize equity to annul conveyances, however, solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." § 37-709. It is urged by the demurrer that the petition does not allege a cause of action, legal or equitable, for setting aside the judgment rendered in the equitable suit on December 6, 1945, because the allegations of fraud are insufficient for such relief. When this litigation was before us the first time, we necessarily examined the petition as amended to see if the appointment of a receiver was proper, and we were then of the opinion that its allegations were sufficient to state a proper cause for receivership, and we are still of that opinion. Some of the relief prayed has, therefore, been granted and has become the law of this case. The allegations, we think, are amply sufficient to show a deliberate and continuous scheme or plan to wrongfully deprive the plaintiff of any interest in his father's estate, and such allegations are sufficient to state a cause of action for setting the judgment aside upon the ground of fraud.

■ The defendants demurred to the petition upon the ground that it is multifarious, in that there is a misjoinder of causes of actions. It is contended that an action to set aside the judgment of the court of ordinary, probating the will of John Rogers Saliba, is entirely different from and cannot be joined in the same petition with an action to set aside the judgment of the superior court adjudicating the judgment of the court of ordinary to be a valid and binding judgment. While multifariousness is a defect in pleading which may be raised by demurrer (Code, § 81-304), it is, however, a ground not favored by courts of equity, for the reason that "it is the interest of the parties as well as the interest of the public that all matters in controversy between them should be settled by one suit, when it can be done with safety and without great practical inconvenience." *Nail* v. *Mobley,* 9 *Ga.* 278. A petition is multifarious when it embraces two or more claims by separate and distinct parties against separate and distinct parties,

and where there is no common right to be established. *White* v. *North Georgia Electric Co.*, 128 *Ga.* 539 (58 S. E. 33) ; Code, § 37-1007. The instant petition is not subject to the objection interposed. With respect to both judgments the interest or common right of both the plaintiff and the defendants is the same. The parties as a class are the same; there is a privity of interest. It is the interest of the plaintiff to have both judgments set aside and to have a declaration of intestacy as to the testator; and it is the interest of the defendants to defeat the attacks on both judgments and to uphold the will of the testator. The attacks on both judgments may, therefore, be properly joined in one petition, and there is no merit in this ground of the demurrer. See, in this connection, *Goodroe* v. *C. L. C. Thomas Warehouse*, 185 *Ga.* 399 (195 S. E. 199) ; *Carithers* v. *Flanigan*, 190 *Ga.* 244 (9 S. E. 2d, 57) ; *Harris* v. *Rowe*, 200 *Ga.* 265 (36 S. E. 2d, 787).

The petition names the minor children of Mrs. Shibley as parties defendant. The defendants specially demurred upon the ground that they are not proper or necessary parties for any of the relief prayed, and that consequently there is a misjoinder of parties defendant. If the will of John Rogers Saliba is valid, these parties take a remainder interest in his estate. If the relief prayed is granted, they will take no part of the estate. It is a well-settled rule that all persons who are interested in the result of litigation should be made parties, either plaintiff or defendant, to proceedings for equitable relief. Code, § 37-1004; *Henderson* v. *Napier*, 107 *Ga.* 342, 344 (33 S. E. 433). By numerous decisions of this court it has been held that all persons who are directly or consequentially interested in the event of the suit should be made parties. *Blaisdell* v. *Bohr*, 68 *Ga.* 56 (3) ; *Henderson* v. *Napier*, supra; *Bond* v. *Hunt*, 135 *Ga.* 733 (70 S. E. 572) ; *First National Bank of Sparta* v. *Wiley*, 150 *Ga.* 759 (2) (105 S. E. 308). These defendants have an interest in the result of the instant case and were properly made parties. Consequently this ground of the demurrer is not well taken.

The petition is further specially demurred to upon the ground of nonjoinder of a necessary party. The defendants take the position that Mrs. Mary Sheffield Saliba (Mrs. John Rogers Saliba) should have been named as a party. We think that this position is well taken, and that this ground of the demurrer should

have been sustained. She was an actual party individually to both of the proceedings wherein this litigation seeks to set aside the final judgment. In the probate proceeding, she represented this plaintiff as guardian ad litem and in the equitable proceeding she appeared for the plaintiff as his next friend. In order to set aside a judgment, it is necessary that the parties thereto, or their representatives, be made parties to the proceeding in which it is sought to have this done. *Miller* v. *Butler,* 137 *Ga.* 90, 94 (72 S. E. 913).

By the Code, § 113-1102, it is declared: "If any person, without authority of law, wrongfully intermeddles with, or converts to his own use, the personalty of a deceased individual whose estate has no legal representative, he shall be held and deemed an executor in his own wrong, and as such shall be liable to the creditors and heirs or legatees of such estate for double the value of the property so possessed or converted by him." The allegations of the petition affirmatively show that George M. Saliba I as executor took possession of the estate of John Rogers Saliba, and that on his death Mrs. Camilla Saliba Shibley was appointed administratrix with the will annexed, and duly qualified. "If one wrongfully takes possession of personalty of a deceased person whose estate is unrepresented, and renders himself liable as an executor in his own wrong, but is then appointed administrator and duly qualifies as such, he cannot, in a suit thereafter brought, be held liable as an executor in his own wrong on account of such prior conduct; but he becomes liable for the proper administration of the estate as a lawful administrator." *Mathews* v. *DeFoor,* 172 *Ga.* 318 (2) (158 S. E. 2d, 7), and cases there cited. The demurrer challenging the sufficiency of the allegations to show liability against either of these defendants as an executor de son tort should have been sustained, and it was error in this case not to do so.

The remaining grounds of special demurrer attack certain allegations of the petition as being mere conclusions of the pleader. We deem it unnecessary to deal specifically with each of these several grounds of special demurrer, as they are without merit. A conclusion in a pleading is not subject to special demurrer if the inference stated therein may be legitimately drawn from the special facts pleaded or from the exhibits attached to and made a part of the pleadings. *Western & Atlantic Railroad* v. *Reed,* 33

*Ga. App.* 396, 404 (126 S. E. 393). Considering the petition as a whole and the exhibits, the allegations attacked are not mere conclusions of the pleader and are not subject to the criticism lodged against them. Accordingly, the judge did not err in overruling them.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*