## Cox *v.* Hargrove *et al.*

BELL, Justice. 1. A vested-remainder interest in land is such an interest in property as may be levied upon under an execution, although the life estate be not terminated; and since the greater includes the less, a levy upon a described tract or parcel of land is a levy upon the whole interest therein, including all vested-remainder interests where such remainder interests exist. Code, §§ 39-101, 85-101; *Pound* v. *Faulkner,* 193 *Ga.* 413, 414 (5) (18 S. E. 2d, 749); *Regents of The University System of Ga.* v. *Trust Company of Ga.,* 186 *Ga.* 498 (1b) (198 S. E. 345, 121 A. L. R. 125).

2. "When any sheriff or other officer shall levy an execution or other process on property claimed by a third person not a party to such execution, such person, his agent or attorney may make oath to such property." Code, § 39-801.

(*a*) "Where property is levied on under a fi. fa., and a statutory claim is interposed by a third person, it is not essential that the claimant should have absolute title as a basis for interposing the claim. Any interest which renders the property not subject to the fi. fa., or which is inconsistent with the plaintiff's right to proceed in selling the property, will support a claim." *Wheeler* v. *Martin,* 145 *Ga.* 164 (1) (88 S. E. 951); *Butler* v. *LaGrange Banking & Trust Co.,* 177 *Ga.* 714 (1) (170 S. E. 918).

(*b*) Under the foregoing rules of law as to levy and claim, where remainder interests in real estate were in fact levied on under an execution which was issued in personam and to which the remaindermen were not parties, they had the right and privilege of asserting a claim to such remainder interests, notwithstanding the life tenant was still in life; and a claim of the whole title would necessarily comprehend lesser interests such as estates in remainder.

(*c*) Since the right to file and prosecute such a claim is not dependent upon any present or immediate right of possession, the rule as stated in *Mathis* v. *Solomon,* 188 *Ga.* 311, 312 (4 S. E. 2d, 24), and other decisions by this court, to the effect that remaindermen, not being entitled to possession until after death of the life tenant, can not bring suit to recover possession of the land until that time, has no application in a claim case.

3. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. This provision, which refers to the doctrine of res adjudicata, applies to claim cases, as well as to other cases, where the claim case in which such previous judgment was rendered involved the same cause of action as the pending litigation. *McLendon* v. *Shumate,* 128 *Ga.* 526 (1) (57 S. E. 886); *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260).

4. In the instant suit filed by six persons in 1947, after the death of their mother in 1943, to recover a six-seventh undivided interest in a described tract of land, title to which they alleged was conveyed in 1904 to their mother as a life tenant with remainder to themselves and an-

other child now deceased, the defendant filed a plea of res adjudicata, alleging in effect, among other things: that after a levy upon the property in 1920 under an execution issued in personam as indicated in paragraph 2 (b) above, the plaintiffs filed a claim asserting that the property levied on was not the property of the defendant in execution but was the right and property of themselves (the claimants); and that, upon the trial of such claim case in 1923, a verdict and judgment were rendered finding the property subject to the execution; that the execution then proceeded, with the result that the property was sold by the sheriff; and that the purchaser at such sale thereafter conveyed the land to the present defendant. The case was submitted to the judge upon an agreed statement, in which it appeared without dispute that the foregoing allegations in the plea of res adjudicata, based upon the former verdict and judgment in the claim case, were true. The judge found in favor of the plaintiffs for a six-seventh undivided interest in the land, as sued for, and entered judgment accordingly. The defendant excepted. *Held:*

(a) Under the preceding rulings as applied to the pleadings and the agreed statement, the verdict and judgment rendered against the claimants in the claim case were binding and conclusive upon them as plaintiffs in the present suit to recover the same property; and the judge erred, therefore, in not sustaining the plea of res adjudicata as to such judgment, and in finding for the plaintiffs in the instant land suit. *McLaughlin* v. *Ham,* 84 *Ga.* 786 (1) (11 S. E. 889); *Frick Co.* v. *Taylor,* 94 *Ga.* 683 (2) (21 S. E. 713); *Wells* v. *Blitch,* 184 *Ga.* 616 (7) (192 S. E. 209); *O'Neal* v. *First National Bank,* 9 *Ga. App.* 496 (2) (71 S. E. 807); *Ehrlich* v. *King,* 34 *Ga. App.* 787 (2) (131 S. E. 524).

(b) In view of the conclusion just stated, it is unnecessary to consider other and additional facts pleaded by the defendant and shown in the agreed statement, as none of such additional facts could have changed the result as related to such previous verdict and judgment in the claim case. But, as to a former judgment on demurrer which was also pleaded as res adjudicata, see *Hargrove* v. *Youmans,* 181 *Ga.* 614 (183 S. E. 564).

5. The present case is not affected by the rule laid down in several decisions to the effect that, where property is held by a life tenant and is levied on and sold under an execution issued against him in personam and not against the property, it will pass only the life estate. See, in this connection, *Kirk* v. *Bray,* 181 *Ga.* 814 (2) (184 S. E. 733); *Howell* v. *Lawson,* 188 *Ga.* 164 (1) (3 S. E. 2d, 79); *Coleman* v. *Durden,* 193 *Ga.* 76 (1) (17 S. E. 2d, 176). This rule simply means that, under such circumstances, the sale could convey no greater interest than was owned by the personal defendant in execution, and it has no relation whatever to the doctrine of res adjudicata as referred to above.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents.*

No. 16500. FEBRUARY 14, 1949. REHEARING DENIED MARCH 16, 1949.

*Hinton Booth, Anderson & Trapnell,* and *Shelby Myrick,* for plaintiff in error.

*T. H. Kirkland, Williams & Smith,* and *Homer S. Durden Jr.,* contra.