S04A1453. COLELLA et al. v. COUTU.
(603 SE2d 296)

HINES, Justice.

Cynthia Coutu Colella and Ronald Coutu appeal from the trial court's grant of summary judgment to Roland A. Coutu III, executor of their father's estate, and from the denial of their own motion for summary judgment. For the reasons that follow, we affirm.

On October 17, 1980, Roland A. Coutu, Jr. ("Coutu") executed a will. At that time, he was married to Fay M. Coutu. The couple separated on November 22, 1980, and divorced on December 27, 1994. Coutu did not republish this will or execute another will before his death on May 9, 2000. The 1980 will makes an unequal division of property among Coutu's children,[1] and names Roland A. Coutu III as executor ("Executor"). On May 12, 2000, the will was admitted to probate in common form. Executor filed a petition to probate the will in solemn form ("petition") on March 17, 2003. Ronald Coutu and Cynthia Coutu Colella ("Caveators") returned their distributions and

---

[1] Under the will, four children were to receive legacies of $500 each and his other three children were to receive equal shares of the residue of the estate.

filed caveats to the petition, contending that the 1994 divorce revoked the will by operation of law, see former OCGA § 53-2-76, and therefore Coutu died intestate. Executor argued that the enactment of the Revised Probate Code of 1998 ("RPC") governed the case, and that thereunder, the will was valid and the only effect of the divorce was that "[a]ll provisions of a will made prior to a testator's final divorce … in which no provision is made in contemplation of such event shall take effect as if the former spouse had predeceased the testator." OCGA § 53-4-49.

The probate court found in favor of Executor and admitted the will to probate in solemn form on June 27, 2003. Caveators appealed to superior court. On cross-motions for summary judgment, the superior court granted Executor's motion and denied Caveators' motion on March 9, 2004. The superior court applied the RPC, which became effective on January 1, 1998, and found "that the most recent expressions of both appellate courts favor the view that the law applicable at the time of death is the controlling law, even if the will propounded was executed prior to the effective date of the [RPC]." This appeal followed.

The trial court's ruling was correct. The general principle is that the law in effect at the time of the testator's death governs,

> even if it was enacted subsequent to the execution of the will. "The will is to be taken as speaking from the time of the death of the [testator]. [Cit.]" [Cit.] See also OCGA § 53-4-2. It does not become operative until that time. [Cit.] Because a will is an ambulatory instrument during the life of the testator and does not become operative until death, it may be affected by a change of statute occurring at any time between the date of its execution and the date of the death of the testator. [Cits.] [Cit.]

*Haley v. Regions Bank*, 277 Ga. 85, 89-90 (2) (586 SE2d 633) (2003). Caveators nonetheless argue that there was simply no will to which the 1998 law could be applied because the 1980 will was revoked by operation of law upon the 1994 divorce, and simply ceased to exist at that time. But that is not so; a will has no operative effect until the testator's death, and there is thus nothing upon which the statutory rules of revocation may operate. "A will does not confer any present right at the time of its execution." *Payne v. Payne*, 213 Ga. 613, 614 (100 SE2d 450) (1957).

Although Caveators urge that *Saliba v. Saliba*, 202 Ga. 279, 281 (42 SE2d 748) (1947), requires that the will be considered to cease to exist at the time of the then-statutorily revoking event, it does not. *Saliba* did not involve any statutory change between the time of the

will's execution and the time of the testator's death, and *Saliba* does nothing to alter the application in this case of the rule that the law in effect at the time of the testator's death governs.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Blasingame, Burch, Garrard, Bryant & Ashley, Thomas H. Rogers, Jr.*, for appellants.

*McArthur & McArthur, John J. McArthur*, for appellee.