S05A0801. MITCHELL et al. v. MITCHELL et al.
(612 SE2d 274)

THOMPSON, Justice.

This appeal arises from an order admitting Euel Willard Mitchell's 2001 will to probate in solemn form. The order was entered by the superior court after it conducted a de novo hearing on appeal from the probate court. The only question considered by the superior court was whether the probate court properly denied admission to probate for a 1991 will due to an implied revocation by the 2001 will pursuant to OCGA § 53-4-42 (c). The parties stipulated that both wills were validly executed and waived a jury trial. We find no error and affirm.

The testator had a total of four children, two with his first wife and two with his second. At the time he executed his 1991 will, he was

still married to his second wife, Brenda. That will included several specific devises of his business, and both real and personal property, to his wife and his youngest two children, Jonathan Mitchell and Kenney Mitchell. The residuary was devised to Brenda, or if she predeceased, to all four of his children in equal shares. The testator divorced Brenda in 2000, and married his third wife, Doris Annette, in 2001. Later that year he executed the 2001 will.

The 2001 will included specific devises of $100 apiece to Jonathan and Kenney. The residuary was to be divided into thirds for Doris Annette, and the testator's two older children, Euel and Nickie. The 2001 will did not expressly revoke the 1991 will, and did not reference the specific bequests made in the prior will.

OCGA § 53-4-42 (c) provides, in part, that, "[a]n implied revocation results from the execution of a subsequent inconsistent will that does not by its terms expressly revoke the previous will. An implied revocation takes effect only when the subsequent inconsistent will becomes effective." Pursuant to OCGA § 53-4-2,[1] the 2001 will became effective upon the death of the testator, regardless of any postponement of probate. Therefore, the only issue before the trial court was whether the 2001 will was so inconsistent with the 1991 will as to completely revoke it.

OCGA § 53-4-47 provides that "[a]n implied revocation extends only so far as an inconsistency exists between testamentary instruments. Any portion of a prior instrument that can stand consistently with the testamentary scheme in a subsequent instrument shall remain unrevoked." Here, the testamentary schemes are completely inconsistent. By replacing the specific bequests in the 1991 will with the $100 bequests in the 2001 will, the testator impliedly revoked his prior will and devised the bulk of his estate through the residuary clause. See *Cummings v. Cummings*, 89 Ga. App. 529 (80 SE2d 204) (1954). It is unreasonable to assume that the testator intended to supplement his previous bequests of almost his entire estate to his younger two children with a mere additional $100 each in cash. On the contrary, the only logical explanation for the apparent inconsistencies in the two wills is that the testator intended to give his two younger children $100 each and divide the remainder of the estate between his two older children and his third wife. Therefore, we affirm the trial court's finding that the 2001 will impliedly revoked the 1991 will in its entirety.

*Judgment affirmed. All the Justices concur.*

---

[1] OCGA § 53-4-2 provides: "A will shall take effect instantly upon the death of the testator however long probate may be postponed."

CARLEY, Justice, concurring.

I fully agree with, and join, the majority opinion, but write separately to point out for the benefit of the bench and the bar that, if the 2001 will had not revoked the 1991 will, then, under the Revised Probate Code of 1998, the testator's second wife would still not have been a beneficiary or devisee of his estate. Although the 2000 divorce could not have completely revoked the 1991 will, it would have caused the provisions of that will to take effect as if she had predeceased him. OCGA § 53-4-49; *Colella v. Coutu*, 278 Ga. 440, 441 (603 SE2d 296) (2004).

DECIDED APRIL 26, 2005.

*Bret E. Rudeseal*, for appellants.
*Frank H. Jones*, for appellees.