[See Case No. 11,816.]

## Case No. 11,814.

### RIDGEWAY v. OGDEN.

#### [4 Wash. C. C. 139.] [2]

Circuit Court, D. New Jersey. Oct. Term, 1821.

LOTTERIES — DEEDS — PRESUMPTION — FACTS TO SHOW FRAUD.

The court upon a special verdict, or case agreed, cannot presume that a deed made in consideration of a nominal sum, the day after another was made expressly on a lottery consideration, was also on a lottery consideration, so as to avoid it. Nor can the court presume a deed to be fraudulent, unless the case or verdict states facts to show the fraud.

[Cited in Frost v. Missionary Soc., 56 Mich. 79, 22 N. W. 198.]

[This was an action of ejectment by Jacob Ridgeway against John Ogden, Jr.] This case came before the court upon a case agreed, which differs from that of Same Plaintiff v. Underwood, see [Case No. 11,815], only in the following particulars. In this, it is stated that the defendant, at the time when the ejectment was served, was in possession of what is called the "Wood Farm," as well as of two hundred and five acres, part of the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Griffith farm; which two tracts, except a lot marked "Public Square," in the lottery scheme, and another lot containing about ten acres, were conveyed by Jones to Caldcleugh and others, as stated in the other case, and were involved in all the consequences of the lottery transaction. On the 9th of February, 1818, Jones, by deed, in consideration of $500, bargained, sold, and quitclaimed to the defendant, then being in possession, all his, the said Jones' right, title, and interest which he had in his own individual right, and not as agent or trustee for any other person, of, in, and to all that tract of land, lots, and premises, situate, &c. and lying between the property of J. Love and the Griffith farm, on Maurice river, being the same premises which the said Jones purchased of David C. Wood, containing five hundred acres, more or less. The above deed from Wood to Jones is dated the 1st of August, 1811.

Mr. Ewing and Richard Stockton, for plaintiff.

Griffith & Cox, for defendant.

Before WASHINGTON, Circuit Justice, and PENNINGTON, District Judge.

PENNINGTON, District Judge. Being of opinion that the lottery transaction was all unlawful, Jones could not hold as a trustee for the fortunate holders of the tickets, or certificates, as they were called. This narrows the question to the land contained in the deed from Jones to Ogden, of the 9th of February, 1818, as to which, the court is called upon to declare the deed voluntary, fraudulent, and void against creditors, by treating the consideration of $500 mentioned in the deed as nominal.

The first question on this head will be, whether, under the circumstances of this case, the court can, with judicial propriety, say that $500 was a mere nominal consideration? I think it cannot. More of the circumstances ought to be disclosed; the value of the land, not as it is rated in the lottery scheme, but the actual value at the time the deed was made ought to have been ascertained, and if practicable, whether the consideration was ever paid, or was intended to be so. The consideration might be looked upon as grossly inadequate, and for that and other reasons, the contract might be declared void in a court of chancery. Yet the consideration might not be deemed nominal, and the deed voluntary. Some evidence of an intention to defraud creditors ought to have been stated, beyond the existence of the debts on which the judgments were obtained. I am therefore of opinion, that in this case, the plaintiff is entitled to recover all the land belonging to the premises in question, in the possession of the defendant, at the time of the service of the declaration, which is not covered by the deed from Jones to Ogden of the 9th of February, 1818, but not the land conveyed by that deed.

WASHINGTON, Circuit Justice. Upon the facts stated in this case, and in conformity with the principles laid down by the court in the case of the present plaintiff against Underwood, there can be no doubt but that judgment must be given in favour of the lessor of the plaintiff as to the two hundred and five acres, part of what is called the Griffith farm. Indeed the case does not state that Jones, after the re-conveyance to him by Caldcleugh and others, conveyed these two hundred and five acres to the defendant, or to any other person under whom he claims; so that if the lottery transaction were entirely out of the question, still the legal estate vested in Jones at the time when these two hundred and five acres were levied upon and sold. Connecting the lottery consideration with the re-conveyance to Jones, the trusts stated in that re-conveyance were void, and Jones was entitled to the legal estate in the premises at the time they were levied upon and sold, and consequently the title of the lessor of the plaintiff to the two hundred and five acres is unexceptionable.

As to the Wood farm, the estate therein was legally conveyed to the defendant, by the deed of the 9th of February, 1818, the case not stating that the consideration was so grossly inadequate as to warrant a presumption of fraud. For I hold it to be clear law, that where a deed is attempted to be impeached by creditors or subsequent purchasers, on the ground of fraud to be presumed from inadequacy of price, it is necessary for the jury to find, or for the case to state the facts from which fraud may be inferred.

Whether it is necessary to go further, and to find, or to state the deed to be fraudulent, instead of the evidence leading to that conclusion, is a question of some difficulty, which need not be decided in this case, and I wish for the present to avoid it. It is quite sufficient that neither fraud nor the evidence of it is stated in the case. I am therefore of opinion that the plaintiff is entitled to recover only the two hundred and five acres, part of the Griffith farm.