## Hight *vs.* Fleming *et al.*

1. A tax collector is authorized to issue an execution for an unpaid liquor tax

2. Although, on a money rule, a tax *fi. fa.* claiming to share in the distribution was issued against a person other than the defendant from whose property the fund in court was raised, yet where it appeared that the person against whom the tax *fi. fa.* was issued was the agent of the person from whose property the fund was raised, and that the *fi. fa.* issued for the taxes of the identical property sold to raise the fund, the *fi. fa.* was properly ordered to be paid.

3. Where a distress warrant was issued and levied before any lien for labor attached, the work for which the lien was claimed not having been completed, the distress warrant took precedence in the distribution of a fund arising from a sale of the debtor's property.

March 10, 1885.

Tax.  Executions.  Principal  and  Agent.  Landlord. and Tenant.  Liens.  Laborers.  Before Judge BRANHAM. Floyd Superior Court.  September Adjourned Term, 1884.

Fleming ruled a constable to show cause why the latter should not pay to him the money arising from a sale of certain property under a distress warrant issued September 3, 1884.  The constable answered, among other things¡ that there were other *fi. fas.* in his hands.  There were three claimants of the fund :  First¡ Fleming claimed it under distress warrants for rent.  On August 23, 1884, he swore out a distress warrant, alleging that George B. Watson, by his agent, John F. Watson, was indebted to deponent the sum of $49.60 for rent of a store-house.  The distress warrant bears date the same day, and on it appears an entry of levy.  To this an affidavit of illegality was filed by the agent, on the ground that the process was illegal, invalid and void and had not been issued by any judicial officer of the state.  On its face the warrant appears to have been regularly signed, but it is stated in the bill of exceptions that it was admitted that it was not signed until the second warrant below mentioned had been issued and signed.  The second distress warrant was sworn out on September 3, 1884, and was for the rent of the same store-house for the months of July and August, 1884.  It was levied, on the day of its issuance, on the stock of goods of the defendant, and a sale was made October 1 thereafter.  An affidavit of illegality to this warrant also was made and sworn to by J. F. Watson, agent for George B· Watson, but it seems to have been disregarded by the constable.

The tax collector claimed under two *fi. fas.*, one of them issued October 10, 1884, against John F. Watson, for state and county taxes due for that year ; the other was issued November 25, 1884, and was against George B. Watson, for special liquor tax for the year 1884.

v 74-38

It appeared from the evidence that John F. Watson was the agent of George B. Watson, and that the property on which the state and county taxes were levied was the same as that from which the fund before the court arose.

Hight claimed under the foreclosure of a laborer's lien for wages, alleged to be due him from March 1 to September 1, 1884, for work performed as laborer and boy of all work about the saloon, etc., of defendant. The affidavit alleged that " his contract of labor has been finished according to its terms and accepted by his employers." This affidavit was dated October 8, but was filed and a *fi. fa.* issued October 13, 1884. The bill of exceptions states that the court intimated that Hight's lien *fi. fa.* would not be allowed to participate in the fund ; and that thereupon Hight's counsel asked leave to withdraw the *fi. fa.* and to dismiss the case, and, in lieu thereof, to substitute another affidavit of foreclosure and *fi. fa.* issued thereon, the affidavit being dated October 20, 1884, and the *fi. fa.* November 25, thereafter. The court refused to allow the substitution of the second foreclosure for the first, holding that, if the first foreclosure was defective, it could not thus be cured. Both affidavits and *fi. fas.* were then put in evidence. (It does not appear what defect in the first foreclosure was suggested or insisted upon.)

The court ordered that, after paying costs, the two tax *fi. fas.* should be paid, and that the balance of the money go to Fleming's distress warrant. Hight excepted.

HENRY WALKER, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

Fleming, the defendant in error, obtained a distress warrant for rents against one G. B. Watson in September, 1884, and caused the same to be levied on certain property of Watson, which was sold by a constable, and the money arising from said sale being in the hands of the

constable, Fleming brought this rule against the constable to have the money paid over to him on his distress warrant. The tax collector claimed that so much of said money as was necessary be paid on two tax executions, one for twenty-five dollars, liquor tax for 1884, and the other for general tax, which was issued against one J. F. Watson. Hight claimed the money on an execution issued on a foreclosure of a laborer's lien. The court directed that the money be applied first to the payment of the tax executions and then to the distress warrant. These claims exhausted the fund in the officer's hands. Hight excepted to this ruling, and brings the case here for review.

1. The plaintiff in error insists that the tax collector had no authority to issue an execution for the liquor tax, but we think section 886 of the Code answers this objection.

2. It is further insisted that the execution against J. F. Watson, for taxes, was not entitled to be paid out of the fund, because the same was raised from the sale of the property of G. B. Watson. This position would be correct if it had not been made to appear that J. F. Watson was the agent of G. B. Watson, and the execution issued for the taxes levied on the identical property sold. This appearing, there is nothing in this ground.

3. The distress warrant of Fleming was issued and levied before any lien for labor attached in favor of Hight, the work for which he claimed the lien not having been completed until after the distress warrant had issued and been levied.

Judgment affirmed.