THE STATE OF GEORGIA *et al. vs.* HANCOCK *et al.*

1. Where a man resided for many years with his family upon certain land, the title to which was in his wife and daughters, and he returned it and paid taxes on it in his own name, and where, during four years, he so returned the property along with certain personal property, but failed to pay the taxes, and executions issued therefor, together with his poll-tax, and to a levy thereof upon the land, the wife and daughters interposed a claim, it was not incumbent upon the State or county to have investigated the legal title to the property or to show, on the trial of the claim case, the proportion of taxes due on the premises and what was due on the personal property and poll; but it was the duty of the claimants to have made this appear to the court, and to have paid or offered to pay their proper proportion of the taxes, before they could ask a finding that the property was not subject. In the absence of this, such a finding was error.

2. This ruling works no hardship upon the claimants, inasmuch as the property is subject to its proper proportion of taxes; while, if it were held that the executions were invalid and the property had never been returned for taxation, it might be double-taxed.

February 24, 1888.

Tax. Husband and Wife. Parent and Child. Burden of Proof. Claims. Before Judge FORT. Sumter Superior Court. April Adjourned Term, 1887.

Reported in the decision.

B. P. HOLLIS, for plaintiffs in error.

E. F. HINTON, for defendants.

SIMMONS, Justice.

Four tax executions issued against O. W. Hancock, for taxes for the years 1882, 1883, 1884 and 1885. They were levied upon a certain house and lot in the city of Americus. The wife and daughters of the defendant in *fi. fa.* interposed claims, and by consent, the four cases were consolidated, and all questions of law and fact were submitted to the decision of the presiding judge without the intervention of a jury. On the trial, the following facts appeared, either by proof submitted or by admissions of the parties:

The defendant, with the claimants as his family, had occupied the house and lot levied upon, as a home, for more than twenty years. The legal title to the property levied upon had, since its occupancy by the family, been in the claimants, and had never been in the defendants in *fi. fa.* The tax-digests, for the years 1882, 1883, 1884 and 1885 showed that the claimants had not, either by themselves or by any one else, made any return of this or any other property. For each of these years, the defendant made a return in his own name, and in each return the property levied upon was embraced, and valued at $3,500. These returns also embraced personal property and a poll. Each of the tax executions embraced the taxes assessed on this particular property, the personal property and the poll-tax. Up to the year 1886, the claimants had never returned or paid taxes on this property, but the defendant had returned it during the occupancy in his own name and had paid all taxes that were paid thereon. The plaintiffs in error offered to prove what proportion of each execution was for taxes on the property claimed. The judge refused to hear the evidence offered. After hearing argument, the judge found the property not subject. The plaintiffs in error excepted to the decision excluding said evidence, and also excepted to the judgment finding the property not subject.

Was the court right in ruling out the testimony offered by the plaintiffs, and in finding the property not subject, under the above statements of facts? We think not. While it is true that the legal title to this house and lot was in the claimants, it is also true that it had never been returned by them for taxes in the years for which these executions were issued. They had allowed the husband and father to return it as his own. All the property, of whatever kind, in this State, unless expressly exempted by the laws thereof, or by the laws of the United States, is subject to taxation and must pay its *pro rata* part of the taxes for the support of the government, in whosever hands it may be, or whoever may return the same for taxation. It is not incumbent upon the State or county to investigate the legal title to property before assessing the same. The only duty of the tax-receiver of the State and county in regard to this matter is, to see that all the property, not exempted as above set out, is returned by some one. If it is not returned by the legal owners, as in this case, but is returned by the husband and father, while in possession, the State and county are entitled to the taxes thereon, and if the taxes are not paid by the person who returns the property for taxation, nor by the legal owner thereof, the tax-collector, finding the return of the property on the receiver's digest, has a right, indeed it is his duty, to issue execution against the person who returned the same, and have it levied thereon. If the execution against the person who returned the property is not only against the property claimed, but against other property belonging to the person who returned the same, as in this case, in our opinion it would be the duty of the claimants to pay, or offer to pay, the proper amount of taxes assessed against their property, before they could ask a court and jury to find the property not subject.

In this case, the defendant in *fi. fa.* had returned this property as his own, together with other personal property and a poll. The claimants had never returned it or

paid taxes on it. The tax-collector, finding this house and lot returned by the defendant in *fi. fa.*, was right in issuing his execution against the defendant and levying it upon the property as the property of the defendant; and it was not incumbent on the State and county, when a claim was filed, to show the proportion of taxes that was due on the house and lot, and what was due on the personal property and poll; but, as said before, it was the duty of the claimants to make this appear to the court, and to pay, or offer to pay, their proper proportion, before they could ask a finding of the court or jury that the property was not subject. This not having been done by them, the court erred in finding the property not subject. *Stokes vs. State of Georgia and County of Lee*, 46 *Ga.* 412; *Hight vs. Fleming et al.*, 74 *Ga.* 592; *Williams vs. Young*, 51 *Ga.* 454; Code, §812.

2. This view of the law works no hardship upon the claimants, but it is really beneficial to them. The property, having been given in by the husband and father, is subject to only one tax, or its proper proportion of taxes. If it should be held that these executions were invalid as to this property, and that the property has never been returned for taxes, then, under the law, the tax-officer would still have a right to assess it and to place a double tax upon it, which the claimants would have to pay, or suffer the property to be sold for the taxes. Code, §855.

Judgment reversed.