### BARNES *v.* LEWIS *et al.*

1. Where a trustee having the title to realty returned it for taxation for a particular year in his own name, making no other tax return for that year, and the property was afterwards sold under a tax execution issued against him individually and based upon the return indicated, and, though not so appearing on the face of the execution, the " property tax " included therein *was in fact the tax on this identical property,* the purchaser at the sale, if the same was otherwise free from objection, obtained a good title as against the *cestuis que trust* represented by the trustee, and this is true although the poll tax of the latter was also included in the tax execution.
2. Irrespective of other questions, this case, upon its facts, is controlled by the law above announced.

   June 12, 1896.   By two Justices.   Argued at the last term.

Complaint for land.   Before Judge Reese.   Hancock superior court.   August term, 1895.

*Lewis & Moore,* for plaintiff in error.
*T. L. Reese* and *Hunt & Merritt,* contra.

LUMPKIN, Justice.

A trustee in whom, as such, the title to certain realty was vested, returned it for taxation in his own name for a particular year in which he made no other tax return.   A tax execution was issued against him individually, and it appeared on the trial of the case now under review that the "property tax" included in this execution was in fact the tax on the identical property returned by the trustee, as above stated, although the execution also included the

poll tax of the latter. The property was sold under this tax execution; and assuming that the sale was otherwise free from objection, the question is: Did the purchaser obtain a good title as against the *cestuis que trust* represented by the trustee?

We frankly confess that if we regarded this question as an open one, we would entertain very grave doubt as to its proper solution; but, in our judgment, it was settled by the decision of this court in the case of *State* v. *Hancock et al.*, 79 *Ga.* 799. Applying to the facts of the present case the reasoning employed by Justice (now Chief Justice) Simmons in the case just cited, the conclusion seems to follow that the sale under the tax execution in question was good as against the beneficiaries of the trust. The case of *Burns* v. *Lewis*, 86 *Ga.* 591, is not to the contrary, nor are any of the cases there cited by Chief Justice Bleckley. He mentions the case in 79th *Ga.*, *supra*, but does not question its correctness. The case at bar also differs from that of *McLeod et al.* v. *Brooks Lumber Company*, decided at the present term (*ante*, 253). There, the defendant in the tax execution, which was issued against him *in personam*, was not shown ever to have had title of any kind, or possession, either actual or constructive. Here, the title to the property sold under the tax *fi. fa.* was in the trustee, and the only irregularity was, that the process was issued against him individually. Under the doctrine of the *Hancock* case, *supra*, this was not fatal to the validity of the sale, because, in point of fact, the execution was actually issued—at least in part—for the tax on the identical land which was sold under the execution. The collection of the trustee's poll tax by virtue of this sale was not, of course, proper; but as to this matter, he is certainly liable to the beneficiaries and can be made to account to them for the benefit he thus derived from the sale. Consequently they will be protected.                    *Judgment reversed.*