### MARTIN v. WHITE.

1. A conveyance which expresses as a consideration a sum of money, or any other thing which the law deems valuable, no matter how small the sum or the value may be, can not be said as a matter of law to be a voluntary conveyance.

2. A conveyance which expresses as a consideration love and affection and a small sum of money is not upon its face voluntary.

3. The consideration of a deed may always be inquired into when the principles of justice require it.

4. Whether a deed which expresses as a consideration love and affection and a small sum of money is a voluntary conveyance depends upon the intention of the parties; and this intention is to be ascertained by an inquiry into all the facts and circumstances at the time of its execution, which will throw light upon the question as to whether the deed was executed as the consummation of a sale or as the evidence of a gift.

Submitted May 1,—Decided July 18, 1902.

Complaint for land.   Before Judge Lumpkin.   Fulton superior court.   October 17, 1901.

*C. T. Ladson*, for plaintiff in error.   *Green & McKinney*, contra.

COBB, J.   This was an action of complaint for land.   The plaintiff derived title through a deed from his father, dated June 10, 1875, and duly recorded.   This deed recited that the grantor conveyed the land described, "for and in consideration of the sum of five dollars and love and affection he bears for his said wife and children."   The defendant's title was derived through a deed from the plaintiff's father to Nancy E. Moore, dated February 7, 1883, recorded June 22, 1883, which recited a consideration of $700; and a deed from Nancy E. Moore to the defendant, dated June 3, 1886, recorded August 3, 1886, which recited a consideration of $500.   The defendant offered Nancy E. Moore as a witness to prove that she bought the land in controversy from the plaintiff's father on the date mentioned in the deed above referred to, paying him therefor the sum of $700, that she had no knowledge whatever of the existence of the deed under which the plaintiff claimed, and that she had sold the land in controversy to the defendant.   This evidence was objected to as irrelevant, and the court excluded the same.   The defendant offered an amendment to his answer, alleging that at the date of the deed under which the plaintiff claimed the property conveyed thereby was worth the sum of $500.   Upon objection by the plaintiff the court refused to allow the amendment.   The defendant offered to prove by a witness who was familiar with the land in controversy that, on the date of the execution of the deed under which the plaintiff claims, the property was worth $500.   To the introduction of this evidence the plaintiff objected, and the evidence was excluded as irrelevant.   The court then directed a verdict in favor of the plaintiff.   All of the rulings above referred to are assigned as error.

It is the settled law of this State that a voluntary conveyance is not within the operation of the laws providing for the registry of deeds, and that therefore the recording of such a conveyance is not notice to a subsequent purchaser for value.   See *Finch* v. *Woods*, 113 *Ga.* 996, and cased cited.   The controlling questions in the present case are, whether a deed which recites a consideration of $5 and love and affection is upon its face a voluntary conveyance;

and if not, if the same be shown to be a deed from father to son and the money consideration is a trifling amount compared with the value of the land, whether, as against a subsequent purchaser from the father, for value and without notice of the prior deed, it should be held to be a voluntary conveyance and therefore not within the protection of the registry laws.

As between the grantor and the grantee, in the absence of fraud, any sum paid or contracted to be paid is a sufficient consideration to make the conveyance valid. Hence, it has been held that a consideration of $1 is sufficient to support a quitclaim deed; and that this is true whether the money be actually paid or not, as, if not paid, it may be recovered by action. *Nathans* v. *Arkwright*, 66 *Ga.* 179. Mere inadequacy of consideration, in the absence of fraud, will never invalidate a conveyance by a grantor who is competent to contract. While a conveyance based on a grossly inadequate consideration will pass the title from the grantor to the grantee, and, as between the parties to the deed, the grantee will be treated as having purchased for a valuable consideration, under what circumstances, if any, can such a conveyance be treated as voluntary as against creditors of the grantor or subsequent purchasers from him, who had no actual notice of the existence of the conveyance? What is a voluntary deed? Mr. Bump says: "A voluntary conveyance is a conveyance without any valuable consideration. The adequacy of the consideration does not enter into the question. The character of purchase or voluntary is determined by the fact whether anything valuable passes between the debtor and the grantee as a consideration for the transfer. If there is a valuable consideration, no matter how trivial or inadequate, the conveyance is not voluntary." Bump, Fraud. Conv. (4th ed., Gray) § 238. The Supreme Court of Connecticut defined a voluntary conveyance to be one that is wholly without a valuable consideration. Washband *v.* Washband, 27 Conn. 424. The Supreme Court of Pennsylvania held that a conveyance by a father to his daughter for a consideration of $1 actually paid and natural love and affection is not a voluntary conveyance. Appeal of Ferguson, 11 Atl. 885. Mr. Jones, in his work on Real Property, says: "A voluntary conveyance is one wholly without a valuable consideration, or for a valuable consideration which is merely a nominal one." Vol. 1, § 288. In Ward *v.* Trotter, 19 Ky. (3 T.

B. Mon.) 1, it was held that a consideration of one dollar in a deed of trust would be treated, as against creditors, as nominal only, Mr. Chief Justice Boyle saying in the opinion: "We ascribe no importance to the consideration of one dollar mentioned in the deed. That would indeed be sufficient to pass the legal title as against the grantor, but as against creditors and purchasers it would, were it the only consideration, be deemed merely nominal, and the deed of course would be voluntary, and consequently fraudulent and void as to them." In Houston v. Blackman, 66 Ala. 559, 41 Am. Rep. 756, the Supreme Court of Alabama held that as against existing creditors a deed from husband to wife in consideration of love and affection and one dollar was voluntary. In McKeown v. Allen, 37 Fla. 490, it is said that the general rule is that a deed with a consideration merely nominal will be considered voluntary as against existing creditors of the grantor. See also Worthington v. Bullitt, 6 Md. 172; Scoggin v. Schloath, 15 Ore. 380; Worthy v. Caddell, 76 N. C. 82; Ridgeway v. Ogden, 4 Wash. C. C. 139, s. c. Fed. Cas. No. 11,814; 2 Dev. Deeds (2d ed.), § 814; Notes to Hagerman v. Buchanan, 14 Am. St. Rep. 739. In Felder v. Harper, 12 Ala. 612, it was held that "a consideration of $10 expressed in a deed of gift of two slaves is on its face merely nominal."

In Ten Eyck v. Witbeck, 135 N. Y. 40, s. c. 31 Am. St. Rep. 809, it was held that one who acquires title to valuable property for a merely nominal money consideration, although actually paid, but under circumstances indicating a gift or advancement, is not, within the meaning of the recording act of New York, a purchaser for a valuable consideration, and his deed, although recorded, conveys no title as against a prior unrecorded conveyance of the same property. In that case Maynard, J., in a well-considered opinion, in which numerous English and American cases are referred to, reaches the conclusion above stated. We quote the following forcible and pertinent language: "We think it would be a perversion of language to say that a father, who had conveyed to a daughter property of the value of twenty thousand dollars for no greater sum than ten dollars paid, had sold the property to his child, or that she had bought it of him. The transfer would be recognized by the popular, as well as the judicial mind, as possessing all the essential qualities of a gift. It has been frequently so held." The same

judge says, on page 46: "We deem it unnecessary to undertake to determine here what degree of adequacy of price is required to uphold a subsequent deed first recorded. Upon this branch of the case we have no occasion to go farther than to hold that a small sum, inserted and paid, perhaps because of a popular belief that some slight money consideration is necessary to render the deed valid, will not of itself satisfy the terms of the statute, where it appears upon the face of the conveyance, or by other competent evidence, that it was not the actual consideration." It is true that in that case the court was dealing with the New York recording act, but it appears that under the terms of this statute no person was protected by the record of a deed, except a purchaser for a valuable consideration; and as it has been frequently held that only such persons are within the recording act of this State, what is said by the New York court in that case is peculiarly applicable to a case arising under the registry laws of this State. A deed which shows that there was no consideration for the same, or that the consideration was love and affection only, is upon its face a voluntary conveyance. A deed which sets forth as a consideration any sum of money, no matter how trivial and insignificant, is not upon its face a voluntary deed. A deed which states as a consideration anything which is in law valuable, no matter how small the value may be, is not upon its face a voluntary deed. A deed which sets forth as a consideration love and affection and a sum of money, or other thing of value, would not be upon its face voluntary. Such a deed would, according to some authorities, be a voluntary conveyance only so far as the value of the property conveyed exceeded the amount stated as the valuable consideration, or the value of the property or thing stated as the consideration.

Applying what has been said to the facts of the present case, the deed upon which the plaintiff relied was not upon its face a voluntary conveyance, but it was at most a deed founded in part upon a good consideration and in part upon a valuable consideration. In some jurisdictions it is held that parol evidence is not admissible to show that the real consideration of a deed is different from that expressed therein. Where this rule prevails, a deed of the character now under consideration would, in the absence of fraud or reformation, be conclusively held to be a deed founded in part upon a valuable consideration. In this State, however, the consideration

of a deed is always open to inquiry.   The code declares that the consideration of a deed may be always inquired into when the principles of justice require it.   Civil Code, § 3599.   In *Finch* v. *Woods*, supra, it was held that a deed which purported to be founded upon a valuable consideration could be shown by parol evidence to have been based either upon simply a good consideration or upon no consideration whatever, and when this is conclusively done the deed would stand as a voluntary conveyance, without regard to the consideration expressed therein.   Under the rule allowing the consideration of a deed to be inquired into, evidence is admissible to show the relation of the parties to each other, the circumstances of the grantor, such as his financial condition, etc., the value of the property at the time of the conveyance, whether the consideration stated was actually paid, and if so, whether the payment was really intended as compensation for the property conveyed, and if not paid, whether the parties intended that it should be paid, or whether the amount inserted as the money consideration was placed in the deed simply for the reason that it was supposed to be necessary, to render the deed valid, that a sum of money should be stated as a part of the consideration.   Evidence as to the circumstances above alluded to, and all other circumstances which would throw light upon the question whether the transaction between the grantor and the grantee was a gift or a sale, is admissible in order that the jury may determine from all the facts and circumstances what was the real intention of the parties.   If a deed be made by a father to a son, or by a husband to a wife, or by any one to another who would upon the death of the grantor be one of his heirs at law, and the deed expresses as a money consideration an amount that would be trivial and insignificant compared with the value of the property at the date of the conveyance, and it appears that the amount thus stated was not actually paid, or the circumstances indicate that it was not intended by the parties to be paid, or, if actually paid, that it was not really intended by the parties as compensation for the property conveyed, a jury might find from these circumstances that the deed was voluntary and was intended either as a gift or as an advancement.   If a deed between parties of the character just referred to, executed under the circumstances referred to, expresses as the consideration love and affection and a sum of money which, compared to the value of the property, is trifling in amount, the

inference that the deed was purely voluntary and that the transaction was intended either as a gift or as an advancement would be strong enough to authorize, even if not require, a jury to so find.

The final conclusion reached by us is that when a deed expresses upon its face a valuable consideration, no matter how small, it can not be said as matter of law that such a deed is a voluntary conveyance.    Whether a deed which expresses upon its face a trifling and insignificant sum as a money consideration, or one which expresses such a sum and love and affection as the consideration, is either wholly or in part a voluntary conveyance, depends upon the intention of the parties at the time the conveyance was made; this intention to be derived from circumstances of the character above alluded to or any other which may throw light on this question. The popular idea is that there must be a money consideration expressed in all deeds, to render them valid.  As a general rule, deeds which appear upon their face to be founded upon love and affection and a small money consideration are intended by the parties as gifts, as the money consideration is rarely ever paid or intended to be paid.   While it is well known to the profession that it is not essential to the validity of a deed of gift to express therein a money consideration, still to satisfy the popular belief it is the almost universal practice to state a small sum of money as a part of the consideration in such a deed.   The learned lawyer who was the immediate predecessor of the present Chief Justice of this court, in drawing a deed of gift which was to be executed by himself, once expressed the consideration of the same to be love and affection and "the fictitious dollar of the law."   He thus yielded to the popular belief and at the same time indicated by the language used that it was not essential to the validity of the deed that it should be founded upon anything else than simply a good consideration. · Let this case be tried again in the light of what has been here laid down.   If the jury find, under all the facts and circumstances, that the relation of vendor and purchaser existed between the parties and that the deed was intended as the evidence of a sale from the grantor to the grantee, then the plaintiff would be entitled to recover.   If under all the facts and circumstances the jury should find that the transaction was intended as a gift and that the real consideration of the deed was love and affection only, that there was in no sense a sale of the property, that the money con-

sideration expressed in the deed was not paid and not intended to be paid, having been inserted simply as a matter of form to comply with what was supposed to be the requirement of the law, or, if actually paid, it was not intended by the parties as compensation for the property conveyed, then the deed would be purely voluntary, would not be within the protection of registry laws, although actually recorded in due time, and would not prevail against a subsequent purchaser for value who had no actual notice of the existence of the conveyance.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*