QUARTERMAN *v.* PERRY, executrix.

JENKINS, Justice. This was a suit to enjoin alleged timber, turpentine, and other trespasses by the defendant on a described 142-acre tract, which the plaintiff claimed under a tax deed based upon executions against a person who was the executor of the will of a decedent, and who returned the property in his individual name while acting as agent of the heirs and devisees of the estate. The defendant claimed title to that portion of the land on which the trespasses were alleged to have been committed, under a sheriff's deed based on a security deed from one of the heirs and devisees of the decedent. The jury found for the plaintiff, and exceptions were taken to the refusal of a new trial. There is no exception to the judgment entered on the verdict. *Held:*

1. The court did not err in admitting in evidence the tax deed under which the plaintiff claimed, and which showed title in the plaintiff. While it is true that the land was returned for taxes in the individual name of the person who was executor, and the executions were issued against him as an individual, since it appears that the returns were in fact made by such person as the agent of the heirs and devisees of the decedent who had owned the land, it was not illegal for the property to be advertised for sale as belonging to the heirs of the decedent, and for the deed so to recite. *Barnes* v. *Lewis,* 98 *Ga.* 558 (25 S. E. 589); *State* v. *Hancock,* 79 *Ga.* 799, 801 (5 S. E. 248); *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55, 65 (7 S. E. 546); *Hight* v. *Fleming,* 74 *Ga.* 592, (2), 595. See *Miller* v. *Brooks,* 120 *Ga.* 232, 234 (47 S. E. 646), and cit.; Code, § 92-6216.

2. Adverse possession of land under written evidence of title for seven years will give title by prescription. Code, § 85-407. But such possession, in order to ripen into title by prescription, must be in good faith, and knowledge by a purchaser that land possessed under his deed did not actually belong to his grantor and could not have been conveyed will prevent such possession from ripening into a good title by prescription. *Lee* v. *O'Quin,* 103 *Ga.* 355, 364 (30 S. E. 356); *McCamy* v. *Higdon,* 50 *Ga.* 629, 632.

3. Where land is bounded in a deed by the land of an adjacent owner, and where such boundary of the adjacent owner is undefined, there can be no prescription under the deed, as against such owner, farther than the actual possession of the grantee in the deed extends. *Strong* v. *Powell*, 92 *Ga.* 591 (20 S. E. 6); *Sewell* v. *Sprayberry*, 186 *Ga.* 1, 9 (196 S. E. 796); Code, § 85-407.

4. In the instant case there was evidence on behalf of the defendant which might have authorized a finding that he had been in actual possession of the land in dispute for more than seven years under his deed. The judge charged the jury on the law of the defendant's claim of prescriptive title by seven years possession under color of title, but qualified such instruction, as follows: "If the disparity in the number of acres as set out in the deed of so many acres, more or less, and the number of acres found by survey, was so gross as to justify the suspicion of mistake or fraud in the execution of the deed, in that event you need not find that the tract extends to the boundaries set out in the deed." Apparently the judge was seeking to inform the jury that one claiming a prescriptive title by seven years possession under color of title must occupy the premises in good faith; and that a party need not be taken as having acted in good faith where, as here, he was claiming title to 92 acres of land, whereas his deed called for only 35 acres, more or less. Ordinarily the question of a prescriber's good faith is one of fact to be determined by the jury. *Winn* v. *Bridges*, 144 *Ga.* 497 (4), 499 (87 S. E. 665). While the judge appears to have submitted this issue to the jury, he more properly should have informed them that they were entitled to take such discrepancy into consideration in passing upon the good faith of the defendant's possession, rather than inform them that the existence of such a discrepancy would in itself, and as a matter of law, authorize them to find against the good faith of the defendant's possession. Moreover, in this case the jury were instructed that, in the event such a descrepancy in acreage was found to exist, the jury "need not find that the tract extends to the boundaries set out in the deed." This must necessarily have been confusing to the jury, inasmuch as the only boundary between the lands of the litigants, as set out in the defendant's deed, was that his land adjoined that of the plaintiff's predecessor in title. The issue as to the defendant's boundary could not have been solved by a finding that the defendant's land did not extend to the plaintiff's land.

5. Under the ruling in the paragraph next preceding, the court erred in refusing a new trial. *Judgment reversed. All the Justices concur.*

No. 13224. MAY 17, 1940.

*W. F. Mills*, for plaintiff in error. *O. C. Darcy*, contra.