LOWE *v.* CITY OF ATLANTA *et al.*
LOWE *v.* HEAD, revenue commissioner, *et al.*

Nos. 13426, 13429.   OCTOBER 19, 1940.
REHEARING DENIED NOVEMBER 21, DECEMBER 5, 1940.

*George & John L. Westmoreland* and *William G. Grant,* for plaintiff in error.

*Spalding, Sibley, Troutman & Brock, Powell, Goldstein, Frazer & Murphy, J. C. Savage, J. C. Murphy, E. L. Sterne, F. A. Hooper Jr., W. S. Northcutt, E. H. Sheats, Herbert J. Haas, Sol I. Golden, O. C. Hancock, G. G. Finch, Hirsch, Smith & Kilpatrick, W. K. Meadow, Virlyn B. Moore Jr., Ellis G. Arnall, attorney-general, B. B. Zellars* and *Claude Shaw, assistant attorneys-general,* contra.

GRICE, Justice. ■ The assignments of error fall into two classes, the first of which is the overruling of Mrs. Lowe's general demurrers to the intervention of Head, revenue commissioner, and to the one by Fulton County, and to the answers of the City of Atlanta, or Elder, municipal revenue collector, and of Suttles, the tax-collector of Fulton County. The second class of exceptions relates to the sustaining of demurrers to her answer and amendment. In these pleadings she asked for affirmative equitable relief. She is plaintiff in error, and therefore has the burden of showing not only error but injury. If the purchaser at the city marshal's tax sale acquired a good title to the fee, the ultimate result reached by the trial court was correct, and no injury has been done to the plaintiff in error. She attacks the sale on two grounds, the first being that only the title to the estate for years could have passed, since the executions were issued in personam against the holder of the estate for years. She relies on the line of decisions holding that where land is held by a life-tenant, and taxes are assessed against him and executions issued in personam only, a sale under levy of such executions passes only the life-estate. *Stone* v. *Franklin,* 89 *Ga.* 195 (3) (15 S. E. 47); *Clower* v. *Fleming,* 81 *Ga.* 247 (7 S. E. 278); *Gross* v. *Taylor,* 81 *Ga.* 86 (6 S. E. 179); *Roddenberry* v. *Simpson,* 171 *Ga.* 715 (156 S. E. 583, 75 A. L. R. 414); *Kirk* v. *Bray,* 181 *Ga.* 814 (184 S. E. 733); *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79). The insistence is that the principle of these decisions should be applied to a tax sale of property in possession of a lessee having an estate for years in the property, when the execution in personam is likewise against the lessee. In the cases cited there were two estates in the same property—the life-estate and the remainder; the holders of the limited estate were sole occupants of the property taxed; the executions under which the sale took place were in personam and directed against the holder of the lesser estate; and the property was sold as the property of the latter. But the analogy goes no farther. In none of those cases

was the person against whom the tax execution issued put in possession by the holder of the other estate, nor did he derive his right to his limited estate therefrom. He entered under no covenant that he should have possession and control of the premises for any certain length of time, no obligation to pay rental, no promise to pay all taxes, no covenant to expend large sums for permanent improvements, and no contract giving him an option to purchase, with a further agreement on his part that when the holder of the other estate shall be in position to convey to him an absolute, unincumbered, and indefeasible title in fee simple, then he is obligated and bound to purchase the premises on the terms and conditions contained in the option. The contract in the instant case contains all of the features above referred to. It is true that as between the parties, under one of the express terms of the instrument, the lessee was chargeable with the payment of the taxes. The Code declares: "Life-tenants, and those who own and enjoy the property, shall be chargeable with the taxes thereon. Hence, while the public may treat property as belonging either to the maker or the holder of a bond for title when the latter is in possession, yet as between the parties the one receiving the rents or enjoying the use shall be liable for the taxes." § 92-110. This is but a codification of the rulings of this court in *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (7 S. E. 546), *Burns* v. *Lewis*, 86 *Ga.* 591, 602 (13 S. E. 123), and *Wells* v. *Savannah*, 87 *Ga.* 397 (13 S. E. 442).

The present issue however, is not between parties who own different interests in the same property, but between the taxing authorities and the owner of the fee. We might concede that under this record the public might have assessed the taxes against either the lessee or the lessor; but that proposition does not reach the issue before us, which is, did the entire fee pass to the purchaser under a sale by virtue of a tax execution issued against one with the word "lessee" after his name, on an assessment made in the same manner, the tax deed reciting that the purchaser is to have and to hold the premises "in as full and ample a manner as the said [named] lessee or its heirs and assigns did hold and enjoy or might have held and enjoyed the same, had it not been seized and sold under the execution aforesaid," the defendant in fi. fa. not actually owning the fee, although in actual possession under the

owner of the fee, by virtue of a contract of the nature of one hereinbefore described? The problem is not solved by merely recognizing, as we do, that a leasehold interest is itself taxable. *Henry Grady Hotel Co.* v. *Atlanta,* 162 *Ga.* 818 (135 S. E. 68). *Real Estate Loan Co.* v. *Union City,* 177 *Ga.* 55 (169 S. E. 301), was a suit to enjoin a proposed sale under municipal tax fi. fas. It was there ruled that though the grantor and grantee in a security deed may agree as between themselves as to which shall be liable for the taxes upon the property conveyed, yet the complete title is nevertheless subject to taxation as a whole, and a sale made in pursuance of a proper assessment and execution would divest the interest and title of each of the parties, with the exception of the right of redemption. The security deed is not a lien, but an instrument conveying title to the vendee. *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434); *Richey* v. *First National Bank,* 180 *Ga.* 751 (80 S. E. 740), and cit. At the same time the vendor has an equitable estate in the premises conveyed. *Cook* v. *Georgia Fertilizer & Oil Co.,* 154 *Ga.* 41 (113 S. E. 145); *Williams* v. *Foy Mfg. Co.,* 111 *Ga.* 856 (36 S. E. 927). In the instant case also there were two estates. In *Real Estate Loan Co.* v. *Union City,* supra, which dealt with a security deed, was a holding that under the circumstances there referred to one tax sale would divest the interest and title of both estates. A similar ruling was made, in the case of a bond for title, in *National Bank of Athens* v. *Danforth,* supra. The ruling in *Morgan* v. *Burks,* 90 *Ga.* 287 (15 S. E. 821), was that realty of which one is in' possession under a contract of purchase, upon which a part of the purchase-money has been paid, is subject to sale for his taxes. The court in effect held that Morgan, being in possession, and at the time of the tax sale having made a contract to purchase, and having paid part of the purchase-money, had such an interest in the property as authorized the sheriff to sell it for his taxes, the purchaser obtaining a good title.

In *Beaton* v. *Ware County,* 171 *Ga.* 798 (156 S. E. 672), the taxing authorities were endeavoring to sell land for taxes, the execution being issued against one who did not hold the legal title, but who had returned the property for taxes in his own name. He merely held an executory contract of purchase, by which he had agreed to pay all the purchase-money in instalments and the taxes

thereon. He took possession and received the income from the property, returned it for taxes a number of years, but failed to pay either the taxes or the purchase-money. It was held that the land was subject to the taxes due under the return of the original purchaser. In the opinion it was said: "The obligation of the purchaser, under a stipulation in a contract by which he is to pay the taxes on the property, is in the nature of purchase-money; and the land as a whole is subject to the payment of such taxes. Under such a stipulation the vendor could enforce his claim for purchase-money and taxes against the entire interest in the land. So where the purchaser is in possession under such a contract and stipulation, and returns the entire interest in the property for taxation, the State and county can enforce its claim for taxes against the entire interest in the land. The lien of the State and county for such taxes would not be divested by the exercise by the vendor of the power of sale in the contract of purchase. The land, after the original vendor had exercised the power of sale and had purchased the same, would still be liable for the taxes in the hands of one who so purchased from the original vendor."

In *State* v. *Hancock, 79 Ga.* 799 (5 S. E. 248), a claim case, the facts were that the executions issued against Hancock for the years 1882, 1883, 1884, and 1885, were levied on a house and lot. The defendant, with the claimants as his family, had occupied the property as a home for more than twenty years. The legal title had been in the claimants since their occupancy, and they had not, either by themselves or by any one else, made any return of this or any other property. For each of those years the defendant made a return in his own name, and in each return this property was embraced. The trial court found the property not subject. This court in reversing that judgment laid down the following doctrine: "While it is true that the legal title to this house and lot was in the claimants, it is also true that it had never been returned by them for taxes in the years for which these executions were issued. They had allowed the husband and father to return it as his own. All the property, of whatever kind, in this State, unless expressly exempted by the laws thereof, or by the laws of the United States, is subject to taxation, and must pay its pro rata part of the taxes for the support of the government, in whosever hands it may be, or whoever may return the same for taxation. It is not incumbent

upon the State or county to investigate the legal title to property before assessing the same. The only duty of the tax-receiver of the State and county in regard to this matter is to see that all the property, not exempted as above set out, is returned by some one. If it is not returned by the legal owners, as in this case, but is returned by the husband and father, while in possession, the State and county are entitled to the taxes thereon; and if the taxes are not paid by the person who returns the property for taxation, nor by the legal owner thereof, the tax-collector, finding the return of the property on the receiver's digest, has a right, indeed it is his duty, to issue execution against the person who returned the same, and have it levied thereon." In *Barnes* v. *Lewis,* 98 *Ga.* 558 (25 S. E. 589), it was ruled as follows: "Where a trustee having the title to realty returned it for taxation for a particular year in his own name, making no other tax return for that year, and the property was afterwards sold under a tax execution issued against him individually and based upon the return indicated, and, though not so appearing on the face of the execution, the 'property tax' included therein was in fact the tax on this identical property, the purchaser at the sale, if the same was otherwise free from objection, obtained a good title as against the cestuis que trust represented by the trustee; and this is true although the poll tax of the latter was also included in the tax execution."

In the instant case it is argued that only the interest of the lessee could have passed under the tax sale, because the returns showed that they were made by Winecoff as lessee, and that the fi. fas. were issued against Winecoff, lessee. As a matter of fact the record does not show that the returns were made by Winecoff "as lessee." The return is headed, "W. F. Winecoff (Lessee)." The word "Lessee" appears nowhere else in the return; nor does it appear in the oath thereto, which was signed, "W. F. Winecoff." But in this connection, we quote from the opinion in the *Barnes* case, supra, to wit: "Here the title to the property sold under the fi. fa. was in the trustee, and the only irregularity was that the process was issued against him individually. Under the doctrine of the *Hancock* case, supra, this was not fatal to the validity of the sale, because, in point of fact, the execution was actually issued—at least in part—for the tax on the identical land which was sold under the execution." Basing the decision squarely upon *State* v.

*Hancock,* and *Barnes* v. *Lewis,* it was held, in *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29): "Where property has been duly sold under a tax fi. fa. against one who returned the property for taxes and who was in possession thereof, such sale is not invalid because the property did not belong to the defendant in fi. fa. but to his minor children, nor because the fi. fa. included taxes upon other property that did not belong to the minors." None of the decisions just cited are on all fours with the facts of the instant case; but we are of the opinion that a proper application of the principles underlying them must lead to the conclusion that the attack on the tax sale, based on the grounds above stated, is unsound.

■ The plaintiff in error, in an amendment to her answer and cross-action, makes the further point that the levy of the fi. fa. was void, for that it was excessive. The court struck this on demurrer. The allegations as to the excessive levy must be considered with admissions and other allegations in the pleadings. Mrs. Lowe was in a court of equity. She was seeking affirmative equitable relief, to wit, that the several tax deeds and executions be canceled as clouds on her title, as well as that the fee-simple title be decreed to be vested in her. The subject-matter of the action is realty, the fee in which she claims by her inheritance through her deceased husband, who in turn received it as heir at law from Mrs. Rosenkrantz. She admits that neither she, nor her husband, nor Mrs. Rosenkrantz ever returned the property for taxation, or ever paid any taxes on it since Mrs. Rosenkrantz placed her lessee in possession of it. Several years taxes are due. Without offering to pay any taxes, she asks a court of equity to set aside certain tax deeds, on the ground that the levies were excessive. It has several times been decided by this court that one seeking relief from excessive tax levies, but admitting either expressly or by necessary implication that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought. *Elder* v. *Home Building & Loan Association,* 185 *Ga.* 258 (194 S. E. 745), and cit. It has also been held that this rule applies to those seeking relief from excessive levies by municipal authorities. *Mayor &c. of Savannah* v. *Fawcett,* 186 *Ga.* 132, 140 (197 S. E. 253), and cit. It is true that the plaintiff in error protests that no taxes are due on the property; but we have ruled otherwise. Nor does it matter that

her interest in the property was acquired after the taxes accrued. She is privy in estate with her who at that time did own the fee, and inherited it clothed with the burdens as well as the benefits. See *Cooper* v. *Peevy*, 185 *Ga.* 805, 808 (196 S. E. 705). It is property on which taxes are due; and before she will be heard to attack the sale on account of an excessive levy, and ask that the deeds be canceled as clouds on her title, she must herself do equity, and give effect to all the equitable rights in the other parties respecting the subject-matter of the suit. Code, § 37-104. It would be inequitable to grant her prayers. This result is unaffected by the fact that as to some of the delinquent taxes the property was sold and bought in by both the city and the county.

Many other law questions were raised and argued, but the rulings stated above necessitate a judgment of affirmance.

*Judgments affirmed. All the Justices concur, except*

JENKINS, Justice, dissenting. The return for taxation by W. F. Winecoff, in which the identity of the realty is set forth, shows that the return was made by Winecoff, not as owner, but as lessee. The tax deeds by their express terms conveyed only such interest as the lessee had; that is, the deeds were in legal effect a conveyance of the leasehold. No one could question the fact that a leasehold of more than five years constitutes an estate in land. That such an estate is taxable, could be returned for taxes, and sold for taxes, would seem clear. Accordingly, while I agree to much of the reasoning of the opinion, I can not concur in those portions which seem to adjudicate that the grantees, claiming under these tax deeds, acquired a full fee-simple title to the realty involved. That the fee *might* have been levied upon, sold, and conveyed is not the question; but the question is, *was* it conveyed? The first clause in the tax deed to the county, identifying the property, and conveying it in mere general terms, is *descriptive* in character; the subsequent clause, which is the only portion of the deed dealing with the particular subject of what *quantum* of estate was intended to be thus conveyed, expressly limits and defines it to such interest as was held by the named lessee. This specific limitation upon the quantum of the estate conveyed should take precedence over any antecedent language conveying and describing the property in general terms. If the granting clause had undertaken to define the quantum of the estate conveyed, a different question might be

presented, since it has been recognized as a general rule that the granting clause will be given effect over inconsistent terms in the habendum clause. See 16 Am. Jur. 566, § 232. This same authority, however (§ 237), sets forth what it terms the "modern liberal rule giving effect to intention as derived from all portions of the instrument." This so-called "modern" rule is stated as being widely accepted. But irrespective of any variation between the original and this so-called "modern" rule, it is laid down by this same authority (§ 239) as the uniform rule, almost without exception, that the specific terms in the habendum clause will control over a granting clause merely general in character. Since the tax deed to the county did not by its granting clause purport in terms to convey the property in fee-simple, or otherwise in any way specifically describe the quantum of the estate conveyed, it would seem that what has been stated by this authority as the general rule followed almost universally would have application. The first paragraph of § 239 is as follows: "Since the purpose of the habendum has, from early times, been to limit, explain, or qualify the estate limited in the granting clause, it is, almost without exception, held that where the granting clause is general and does not contain words of limitation or otherwise set forth a specific estate, the habendum will be given effect in explaining or qualifying what estate was intended. This rule is of uniform application both in the few States where words of limitation in the grant are still necessary in order to pass a fee and in the many States where it is. provided by statute that a fee will pass without the use of words of limitation unless a contrary intention appears. Furthermore, the same result is reached both where the modern rule that the intention of the parties as derived from the whole instrument must control is applied, and where the old technical rule that the earlier of the two clauses must control applies." 16 Am. Jur. 573, and cit.

What has been said has reference to the tax deed to the county. As to the deed to the city there is no habendum clause, but the limitation as to the quantum of the estate conveyed was expressed in the conveying clause itself.

Chief Justice REID concurs in this dissenting opinion.

ON MOTION FOR REHEARING.

GRICE, Justice. While it is true, as contended by movant, that

she was brought into this case as a defendant by an order of the court at the instance of other parties, over her objection, she filed no exception to the order making her a party, and after this order she filed a cross-action seeking affirmative relief, to wit, cancellation of the tax deeds referred to in the original opinion. It may be true that in the circumstances, having become a party involuntarily, she would not have been required to make a tender of the amount of taxes due before pleading—as in *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217), yet we think it was incumbent upon her at least to make such a tender in the pleadings which she then filed, before she would be entitled to the affirmative relief of cancellation. To this extent she could have complied with the rule that he who would have equity must do equity.

In the brief in support of the motion for rehearing extended comment is made on the dilemma in which the movant was placed with respect to the amount of taxes, if any, which she ought to have tendered. It is pointed out that if the sales under the tax executions were treated as valid, as contended by the taxing authorities, then after such sales no taxes could accrue as against the movant; and that in any event none were lawfully assessed. Since no tender of any sum whatever was made, it was unnecessary to determine whether, if a tender had been made, it should have included taxes claimed by the taxing authorities after the sales and execution of the tax deeds in pursuance thereof. Our decision goes no farther than to say that the movant should at least have tendered the amount of the taxes involved in the tax deeds. Since neither this nor any other amount was tendered, the cross-actions filed by the movant were properly stricken on demurrer, regardless of whether she should have tendered other sums claimed by the taxing authorities.

What has just been said as to tender will now be qualified to this extent: If we should assume that where the property had been sold under execution for state and county taxes, and a deed made in pursuance thereof, the municipal authorities could not thereafter have sold the property so as to divest any title or interest of this movant, and that in these circumstances the plaintiff in error would not have been required to make any tender to the municipality, yet the only attack which is made on the tax sale and the tax deed in pursuance of a levy for state and county taxes is that the levy

was excessive. And without a tender as to this transaction the plaintiff in error would not be entitled to cancellation of this latter deed. And if she can not have this deed canceled, she would be without such right or interest in the real estate as to authorize her to maintain an action for cancellation of the city marshal's deed. In *Cooper* v. *Peevy,* 185 *Ga.* 805 (supra), it was held: "He who would have equity must do equity, and give effect to all equitable rights in the other party, respecting the subject-matter of the suit. Upon application of this principle, the plaintiffs in the instant case were not entitled to the equitable relief sought as to one of the deeds which they prayed to have canceled; and, without a cancellation of that instrument, the plaintiffs did not have such interest in the land as to entitle them to a cancellation of the other deed referred to in the petition. The court did not err in directing the verdict in favor of the defendant."

While it is further true that the plaintiff in error did deny some of the allegations contained in the pleadings of the other parties against whom she is now seeking relief of cancellation, and these denials might in other circumstances have put the burden of proof on such other parties as to material allegations, yet, from the whole pleadings of the plaintiff in error and these other parties against whom she sought to proceed in her cross-action, the facts appear without dispute as they were dealt with in the original opinion. Counsel for movant refers to the general rule that a court of equity will not aid the State or a county or city in the collection of taxes, an adequate remedy being provided by law. Whether or not this rule may be subject to exception (*Georgia Power Co.* v. *Decatur,* 179 *Ga.* 471 (7) (176 S. E. 494), the pleadings of the taxing authorities in the present case, in so far as they may have sought the aid of a court of equity for such purpose, had reference to tax claims other than those which had culminated in the tax deeds already held by them and under which they were claiming title after expiration of the period of redemption. Under the facts alleged in their pleadings they did have title as contended, unless the tax deeds were invalid for some reason as claimed by the plaintiff in error. Unless she were able by sufficient allegations to show these deeds invalid and obtain cancellation of them, respectively, she would have no such interest in the property as would entitle her to oppose the aid sought by the taxing authorities as to other taxes

relating to this property. It is further contended by movant that no tender of any sum as taxes should have been required of her, in view of the principle ruled in *Newsome* v. *Dade County*, 177 *Ga.* 612 (171 S. E. 145). In that case an owner of property which had been sold for taxes was seeking merely to protect his right of redemption during the twelve-months redemption period; and it was held that in such case the owner was not required to tender the amount of taxes, or any other amount, in order to maintain the suit. In the opinion it was said that the owner had a right to redeem the property at any time within the twelve-months period, and was in the meantime entitled to such a preservation of the status as would prevent encumbrances or involvement of his right to redeem. The plaintiff there was not seeking cancellation, but was treating the sale as valid, and the time had not arrived for payment of the sum necessary to redeem. The principle of that decision has no application here.

As to the form of the tax deeds executed by the sheriff and the marshal, we think now, as before, that there was nothing in either deed to limit the conveyance to a mere leasehold interest. The lessee was not only authorized by the original lease to return for taxation the entire property or estate in this tract, but was actually bound to do so under the terms of the contract as between the lessor and the lessee. The lessee was thus necessarily made the agent of the lessor for this purpose; and being in lawful possession of the property, the return made by such lessee of the entire estate authorized execution against such lessee as the party making the return, and would further authorize a sale of the whole interest in the tract as the property of such party. Especially is this true when the lease contract did not stipulate in whose name the property should be returned. Now if these things are true, the tax deeds would not have the effect of limiting the conveyances merely to the leasehold estate, simply because they recited that the property was to be held by the grantee only in as full and ample a manner as the same had been owned or held by the defendant in execution, who in this instance happened to be the lessee, because the return had been made in the name of that party. Let us suppose, for instance, that a husband is in possession of a tract of land with his family, and he is in general charge and management of it as agent of his wife, and that the property is actually the

property of his wife. The husband returns the property in his own name, and his wife is in no way mentioned. If the taxes are not paid, execution would naturally be issued against the husband. If a sale was made, the recitals in the tax deed would naturally refer to the husband as the defendant in execution, and would finally and properly say that the grantee should have and hold the property in as full and ample a manner as it was held and enjoyed by such defendant in execution. All of this would be in accordance with previous decisions by this court as to tax sales, following returns in such manner. See authorities cited in the original opinion. Assuredly it would not be claimed that in such instance the tax deed did not convey anything except such interest as the husband may have had as against the wife. On the contrary, for all purposes as between him and his wife on one side, and the taxing authority on the other, he would be treated as the owner of the entire estate, just as it was returned by him for taxation. The tax deeds involved in this case are in the usual form. The statements contained in them as to the title or interest conveyed were inserted, not for the purpose of reducing the quantum of interest below the quantum which had been returned for taxation, but rather for the purpose of avoiding a warranty or an effort to sell a greater interest than was owned or held by the defendant in execution, who in these instances must be treated as owning or holding the entire interest for the purposes of taxation, in view of the authority granted by the owner and the return actually made of the entire estate under such authority.

We have said that these deeds are in the usual form in referring to the property conveyed as that of the defendant in execution. In support of this statement we quote: "The sheriff, in conducting a sale under execution, acts as the agent and representative of the defendant in execution, and can sell no greater interest in the property than the defendant in execution could convey." *Cooper* v. *Davis,* 174 *Ga.* 670, 673 (163 S. E. 736) ; *Dozier* v. *McWhorter,* 113 *Ga.* 584, 587 (39 S. E. 106) ; *Harber* v. *Nash,* 126 *Ga.* 777, 778 (55 S. E. 928). As indicated above, the defendant in execution here is to be treated as the owner of the whole estate for the purpose of taxation. It is pressed upon us that the returns were made by the lessee. To take one of them as an example, it is headed "W. F. Winecoff (Lessee)." The oath is signed "W. F. Winecoff."

The entire property is returned, not merely the leasehold interest. Suppose these returns do show that he returned it as lessee. How else could he have returned it? He was not the owner; and yet he was in possession under a contract with the owner to pay the taxes, the owner herself not returning it. The word "lessee," as it appears after the name in the heading of the return, might be considered as merely descriptio personæ; but the most that could be said of it is that it only attempts to show the character or capacity in which the person was acting, not that it indicates that only a leasehold interest is being returned. The whole return shows that Winecoff as lessee was making the return in compliance with the duty and authority assumed by him under the lease contract; and the legal consequences would be that the entire estate would be subject to execution and sale if the taxes were not paid in accordance with such return.

In view of what has been said here and in the original opinion, it is immaterial whether the lessee had merely an option to purchase, or under the terms of the contract had become bound to purchase the real estate in question. That contract in any view authorized and bound him to return the entire estate for taxation, and returns were made while the lessee was in possession. In referring to the question of agency we do not mean to imply that he was an agent for any purpose except for the return of taxes; and to that extent he was an agent both with plenary power and imperative obligation.

The foregoing observations cover the main points urged in the motion for rehearing; and on the whole we are of the opinion that none of the grounds of the motion show any substantial reason why a different opinion or judgment should be rendered.

*Rehearing denied. All the Justices concur, except Reid, C. J., and Jenkins, J., who adhere to the views heretofore expressed.*