COLEMAN *et al.,* commissioners, v. DURDEN *et al.*

BELL, Justice. 1. Where property is held by a life-tenant and taxes are assessed and executions issued against him in personam only, the liens represented thereby exist as such only against the life-estate, and are not enforceable against the remainder estate. *Kirk* v. *Bray,* 181 *Ga.* 814 (2) (184 S. E. 733); *Howell* v. *Lawson,* 188 *Ga.* 164 (3 S. E. 2d, 79); *Martin* v. *Clark,* 190 *Ga.* 270 (2, 3) (9 S. E. 2d, 54); *Dooley* v. *Bohannon,* 191 *Ga.* 7, 9 (11 S. E. 188); *West* v. *Haas,* 191 *Ga.* 569 (5) (13 S. E. 2d, 376); *Bracewell* v. *Morton,* 192 *Ga.* 396 (15 S. E. 2d, 496, 497).

2. The same rule would apply where returns are made by one who is an agent of the life-tenant only, and executions are issued against such agent merely in personam. *Hight* v. *Fleming,* 74 *Ga.* 592 (2); *State* v. *Hancock,* 79 *Ga.* 799 (5 S. E. 248); *Barnes* v. *Lewis,* 98 *Ga.* 558 (25 S. E. 589); *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29); *Martin* v. *Clark,* 190 *Ga.* 270 (9 S. E. 2d, 54); *Quarterman* v. *Perry,* 190 *Ga.* 275 (9 S. E. 2d, 61).

3. A life-tenant can not, merely in virtue of his or her relation as such, be treated as an agent of the remaindermen for the purpose of taxation, although as between them the burden is upon the former to pay the taxes

(*Trust Co. of Georgia* v. *Kenny*, 188 *Ga.* 243, 3 S. E. 2d, 553); nor can one who is agent for or in possession under the life-tenant, without more, be so treated. Code, §§ 85-604, 85-709; *Lazenby* v. *Ware*, 178 *Ga.* 463 (173 S. E. 86); 17 R. C. L. 626, § 15.

4. Accordingly, where an owner of land in 1902, by a deed duly executed and recorded, conveyed to his wife a life-estate therein, with remainder to his children born and to be born, four children then being in life, and where afterwards he remained in possession of the land with his wife and children, returning the same for taxation in his own name but sometimes adding the word *agent*, and tax executions were accordingly issued against him in personam only, such action on his part could not, without proof of other authority, be taken as binding upon the children as remaindermen, so as to render such tax executions enforceable as liens against the remainder estate.

(*a*) In the circumstances, such possession and action by the father could be treated only as being in representation of the mother as the life-tenant; and this is true even though the children may have had knowledge thereof at the time.

(*b*) In *State* v. *Hancock*, supra, as shown by the report and the record of file, the estate in the land had not been divided into life and remainder interests, but the wife and children were owners as tenants in common, all entitled to present possession and enjoyment.

5. After termination of the life-estate by death of the mother, the tax executions previously issued in personam against the father, as stated above, could not properly be levied on the land, since after that event, there was no longer any interest therein which was subject to such executions.

6. Whether, in view of the rule that the record of a voluntary deed is not constructive notice (*Moore* v. *Prudential Insurance Co.*, 176 *Ga.* 489 (3), 168 S. E. 48; *Waters* v. *Scottish American Mortgage Co.*, 180 *Ga.* 594, 180 S. E. 121), a different result would be required in the present case if the deed from the husband and father had been a voluntary conveyance, yet the deed as shown by the record recites a consideration of love and affection and "the sum of five dollars cash," so that in the absence of other evidence on the question of consideration it can not be treated as a voluntary conveyance. *Martin* v. *White*, 115 *Ga.* 866 (42 S. E. 279); *Morris* v. *Mobley*, 171 *Ga.* 224 (155 S. E. 8).

7. Under the preceding rulings as applied to the pleadings and the evidence, the verdict for the remaindermen, as directed by the court, was demanded on the issue as to whether the tax executions were enforceable against the remainder estate, and there was no merit in any of the grounds of the motion for new trial, including those added by amendment.

8. No question has been raised as to whether the plaintiff remaindermen had an adequate remedy at law and should have pursued such remedy instead of seeking relief in equity. See *Boswell* v. *Federal Land Bank of Columbia*, 181 *Ga.* 258 (182 S. E. 1); *First National Bank & Trust Co. Phœnix Mutual Life Insurance Co.*, 179 *Ga.* 74 (175 S. E. 361); *Kirk* v. *Bray*, 181 *Ga.* 814 (2, 3) (184 S. E. 733).

*Judgment affirmed. All the Justices concur.*

No. 13901. OCTOBER 25, 1941.

*Price & Spivey,* for plaintiffs in error.
*Kirkland & Kirkland* and *Felix C. Williams,* contra.